## *In re* PITTS, Bankrupt.

*(District Court, S. D. New York.    November 18, 1881.)*

1. CREDITORS' BILL—FRAUDULENT JUDGMENT AND TRANSFER—REV. ST. § 5057—ASSIGNEE—INJUNCTION DISSOLVED.

Judgment creditors, after the return of execution unsatisfied, on filing a bill to reach property of the debtor conveyed by a fraudulent transfer, or a fictitious judgment and sale on execution thereon, acquire an equitable lien on all the property fraudulently transferred, as against the parties to the suit; but this lien, before the appointment of a receiver, will not prevail as against the levy of a subsequent execution on such of the property as is subject to levy, nor against an assignee in bankruptcy who stands in a similar situation.

Such a suit having been commenced before proceedings in bankruptcy, and a stay of that suit having been afterwards procured in bankruptcy, and the assignee having knowledge of all the facts more than three years ago, and failing

to take any action assailing the alleged fraudulent transfer by the bankrupt, *held*, that his time for so doing, under section 5057, had expired, and that the stay upon the prosecution of the judgment creditors' bill heretofore granted should, therefore, be dissolved.

In Bankruptcy. Motion to dissolve injunction.

*Wm. H. Sloan*, for judgment creditors.

*C. Whittaker*, for assignee.

BROWN, D. J. The bankrupt filed his voluntary petition in bankruptcy on the twenty-seventh day of July, 1878; adjudication of bankruptcy was made August 29, 1878, and an assignee appointed. The bankrupt had previously carried on a grocery store at Kingston, and on January 30, 1878, his brother, Henry H. Pitts, recovered a judgment against him, by default, for $6,246.01, upon which execution was immediately issued to the sheriff, and his stock of goods sold out thereunder on February 6, 1878, to Henry, the judgment creditor, who took possession and continued the same business. Thereafter, many of the creditors of the bankrupt, who had sold him more or less of this stock of goods on credit, commenced suits against him, procured his arrest therein for fraud, and recovered judgments upon their claims. In July, 1878, some weeks previous to the commencement of proceedings in bankruptcy, several of these judgment creditors had united in filing a bill in equity, on behalf of themselves and all other judgment creditors of the bankrupt, against Henry and Charles Pitts, for the purpose of having the judgment recovered by Henry H. Pitts, and the execution and sale thereunder, set aside as fraudulent and void. The complaint alleged that the said judgment was upon a false and fictitious claim; that the whole proceedings under it were for the purpose of cheating and defrauding the bankrupt's creditors; and prayed that the goods on hand be applied upon executions on the plaintiffs' judgments, and that Henry H. Pitts be also required to account to the judgment creditors for the proceeds of all goods sold by him, in the business, since he took possession on February 6th. The bankrupt, having filed his petition in bankruptcy on July 27, 1878, on the sixth of August obtained an injunction against the prosecution of the above suit in equity, to await the determination of this court on the question of his discharge.

A motion is now made to vacate this injunction and permit the suit in equity to proceed. Two prior motions have been made in this court for the same purpose,—one in November, 1878, and one in April, 1879. Both were denied; the latter on the ground that at that time the assignee in bankruptcy was the only person who

had the right to set aside the judgment and recover the property, (*Glenny* v. *Langdon*, 98 U. S. 20; *Trimble* v. *Woodhead*, 102 U. S. 647; *Moyer* v. *Dewey*, 103 U. S. 301,) and that the plaintiffs in the creditors' bill had not acquired any lien which could then prevail against the assignee. *Johnson* v. *Rogers*, 15 N. B. R. 1.

In the case last cited, *Wallace, J.*, reviewed the adjudications in this state as to the effect of a creditors' bill in securing a lien where no receiver has been appointed, and pointed out that by the law of this state such a lien does not prevail as against purchasers or other execution creditors levying upon goods or chattels, but is effective upon choses in action or equitable interests not subject to levy and sale on execution; and he held that an assignee in bankruptcy, representing the general creditors, is entitled to stand in the situation of an execution creditor as respects goods and chattels subject to execution.

That the plaintiffs in the creditors' bill enjoined in this case obtained by the commencement of that suit an equitable lien as against the defendants themselves, upon the goods or their proceeds, is plain. *Lawrence* v. *Bank of the Republic*, 35 N. Y. 320, 323; *Lansing* v. *Easton*, 7 Paige, 364; *Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Sedgwick* v. *Menck*, 1 N. B. R. 675. A portion of the proceeds, also, were doubtless equitable assets, not subject to levy and sale on execution against Charles Pitts, and have been all the while subject to the equitable lien acquired by filing the creditors' bill against him and Henry. *Lawrence* v. *Bank of the Republic*, 35 N. Y. 321. The right of the assignee in bankruptcy to recover so much as remained of the property originally transferred to Henry Pitts could only be enforced by a suit instituted for that purpose under section 5046 or section 5129. *In re Pitts*, 8 FED. REP. 263; *Cragin* v. *Thompson*, 12 N. B. R. 81; *Sparhawk* v. *Drexel*, Id. 450; *In re Biesenthal*, 15 N. B. R. 228. His right to maintain such a suit is subject, however, to the two years' limitation prescribed by section 5057, (*Bailey* v. *Glover*, 21 Wall. 342,) which is to be computed from the time of discovering the fraud. The assignee in this case had knowledge of all the matters alleged in the creditors' bill in 1878, and has been notified of the proceedings on these motions since the first motion in November, 1878, now three years ago. He has not instituted any suit on behalf of the creditors to recover the property, and, though having notice of this motion, states no intention or desire of doing so, and his time for doing so has expired. So long as his right to maintain such an action existed, and so long as the equitable lien of the plaintiffs in the creditors' suit upon the goods

remaining was subordinate to his superior right, it was proper to continue the injunction. But as his rights are now barred by section 5057, no benefit to the estate of the bankrupt can possibly arise from a longer continuance of the injunction, and it would be unjust to deprive the judgment creditors of whatever right may still remain to them to prosecute to judgment the bill for equitable relief which was filed before the proceedings in bankruptcy were begun. To continue the injunction when it can serve no useful purpose to the bankrupt's estate, would be to turn the process of this court into a shield against the investigation of alleged frauds. It is for the court in which that action is brought to determine ultimately what rights still remain to the plaintiffs in the pending suit, and no impediment should be longer interposed by the injunction of this court.

An order may be entered dissolving all injunctions and stays upon the prosecution of that suit.