[No. 1432.  Decided December 28, 1894.]

D. KEELER ET AL., *Respondents, v.* HARRY WHITE & CO.,
*Respondents.*

D. F. McCONNAUGHEY, RECEIVER, *Respondent, v.* J. T.
NELSON ET AL., *Appellants.*

INJUNCTION—ACTION BY RECEIVER—INJUNCTION BOND NECESSARY.

Under § 159, Code 1881 (Code Proc., § 273), requiring the party ask-
ing for an injunction to enter into a bond to the adverse party, "con-
ditioned to pay all damages and costs which may accrue by reason of
the injunction or restraining order," it is error to grant a receiver an
injunction without complying with such statute, on the theory that
the bond given by him as receiver is sufficient protection to those
whose acts he may seek to enjoin.

*Appeal from Superior Court, King County.*

*Ira Bronson,* for appellants.

*H. B. Slauson,* for respondent McConnaughey.

To the effect that an indemnity bond is not required of a receiver
upon making application for an injunction counsel cites *Central
Trust Co. v. St. Louis, etc., Ry.,* 41 Fed. 555.

The opinion of the court was delivered by

DUNBAR, C. J.—In September, 1893, the appellant Nel-
son obtained a judgment against the defendants Harry White
& Co., for the sum of $8,431.   He afterwards caused execu-
tion to be issued out of the superior court by virtue of which
he levied upon certain property, both real and personal, of
the defendants Harry White & Co., and advertised the same
to be sold on the 20th of April, 1894.   Thereafter, and on
the 28th day of March, 1894, the Hon. J. W. Langley, one
of the judges of said superior court of King county, ap-
pointed respondent, D. F. McConnaughey, receiver of the as-
sets and property of the said Harry White & Co.; and there-
after, upon the 31st day of March, the said judge issued an

injunction, at the instance and request of said receiver, enjoining the sheriff of King county and said Nelson from holding said sales, and prohibiting and preventing them from selling the property levied upon and advertised as above mentioned.

The court did not require the receiver to give an additional bond before issuing the injunction, and that is one of the errors alleged by the appellants here. We think this was a fatal error on the part of the court. It is urged by the respondents, and no doubt it was the theory upon which the court acted, that the bond given by the receiver, upon his appointment as receiver of the assets of the estate of Harry White & Co., was sufficient protection to the appellants in this case; and it is argued by counsel that the receiver having given the bond as required upon his appointment, and being an officer of the court, he was bound to obey the orders of the court and carry them into execution ; that he might have been unwilling to execute such a bond, in which case the court could not have forced him to do it ; or he might have been unable to give a bond, in which case the court could not obtain sureties for him.

But these suppositions of possible inconvenience, it seems to us, could not dispense with the plain, mandatory provisions of the statute. Sec. 159 of the Code of 1881 provides that "no injunction or restraining order shall be granted until the party asking it shall enter into a bond, in such a sum as shall be fixed by the court or judge granting the order, with surety to the satisfaction of the clerk of the district court, to the adverse party affected thereby, conditioned to pay all damages and costs which may accrue by reason of the injunction or restraining order." It also provides that "the sureties shall, if required by the clerk, justify in like manner as bail upon an arrest, and until they so justify, the clerk shall be responsible for their sufficiency."

Now, the bond given by the receiver in this case for the performance of his general duties was as follows :

"Now then, the obligation of the above named bond is such that should the said D. F. McConnaughey, principal

herein, truly, well and faithfully perform all the duties required of him as receiver of the firm of Harry White & Co., to which position he has this day been appointed by the Hon. J. W. Langley, Judge of the superior court of the County of King and State of Washington, and should the said principal, as such receiver, obey all the orders of the court therein,   *   *   *   *   then and in that case this bond shall be absolutely void and of no effect, as hereinbefore set out."

It will be seen at a glance that this is not the bond which is required by § 159, above referred to, before a restraining order shall be granted. The requirement of that bond is that it must be given to the adverse party affected thereby. In this case no bond is given to the adverse party at all. And the special conditions of the bond required that the parties shall "pay all damages and costs which may accrue *by reason of the injunction or restraining order.*" The statute is so plain and mandatory in its provisions that we think there can be no room for construction, and that the judgment must be reversed for want of compliance with the statute.

Other errors are alleged by the appellant, but as this disposes of the case we will not enter into their discussion now. The judgment will be reversed and the appellants will recover their costs against the receiver.

Hoyt and Stiles, JJ., concur.