[No. 4880.   Decided January 20, 1904.]

Bo SWEENEY, *Respondent,* v. ÆTNA INDEMNITY COMPANY, *Appellant.*[1]

PRINCIPAL AND AGENT—INDEMNITY—AUTHORITY OF ARCHITECT TO MODIFY BUILDING CONTRACT.  An architect designated in a building contract as agent for the owner "for the purposes of the contract" has no power to modify any of the terms of the contract unless expressly authorized, and the fact that the owner left it to the architect to secure a contractor's bond, does not authorize him to modify the terms of the contract so that payments were to be made through the surety company, when the contract showing the extent of his authority was exhibited to the surety company.

SAME—BOND ISSUED ON UNAUTHORIZED MODIFICATION OF CONTRACT—CONSIDERATION.  Where a surety company requires a building contract to be modified and accepts such change by the architect who, from the contract, appeared to have no authority to make the alteration on behalf of the owner, and the company fails to notify the owner of the modification, it cannot claim that the bond was void as issued without consideration, after the owner paid out money on the contract on the faith of the bond.

INDEMNITY—CONSIDERATION—BOND NOT REQUIRED BY THE CONTRACT.  A contractor's bond guaranteeing the completion of a building contract, is not void as issued without consideration because the contract failed to require any bond or security, when

1Reported in 74 Pac. 1057.

the owner refused to execute the contract unless such bond was furnished.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 27, 1903, upon the verdict of a jury rendered in favor of the plaintiff in an action upon a contractor's bond.    Affirmed.

*Root, Palmer & Brown,* for appellant.

*Alfred Battle* and *Sweeney, French & Steiner,* for respondent.

MOUNT, J.—On March 15, 1902, respondent and one G. H. Barwick entered into a contract whereby said Barwick agreed, in consideration of $1,915, to furnish materials and erect five one-story cottages for respondent in Seattle.    There was no provision in the contract requiring Barwick to give respondent security for the faithful performance of the contract, but, before the contract was signed, respondent demanded such security, and Barwick agreed to give it.

After the contract was signed, it was left with respondent, who instructed the architect, P. J. Donohue, named in the contract as agent of the respondent for the purposes of the construction of the buildings, to see that Mr. Barwick gave the required bond before he entered upon the work.    A few days later Mr. Donohue called upon respondent for the contract for the purpose of making a copy thereof to be left with the bonding company, who were to furnish the indemnity bond.    Mr. Donohue, in company with Mr. Barwick, thereupon took the original contract, and went to the office of the agents of appellant to secure the said bond.    The agents of appellant, upon examining the contract between respondent and Barwick, required the contract to be changed so that all payments to the contractor should be made through them.    Mr. Dono-

hue, without authority from the respondent, and without his knowledge, consented that the change should be made; whereupon, the following words were inserted therein by the agents of appellant: "All payments to be made to Burns & Atkinson, agents, who will disburse same in payment of labor and material bills, and hand surplus, if any, to the contractor." Thereupon the contract of indemnity was issued and delivered to respondent.

The original contract, as altered, was retained by the agents of appellant. Respondent did not know of this alteration in the contract, and was not informed thereof until after default by the contractor. He paid the contractor as the work progressed, according to the terms of the original contract before it was altered. Before the cottages were completed, the contractor defaulted and left the country, and respondent notified the appellant thereof. After the contractor made default, respondent finished the buildings at a cost of more than the face of the bond in addition to the contract price. Respondent thereafter brought this action to recover upon the bond. The cause was tried to a jury, and a verdict rendered for the full amount of the bond, viz., $500.

It is claimed by appellant that Donohue was agent of the respondent for the purpose of getting the bond, and whatever the agent did about changing the contract was binding upon respondent. The record shows that Donohue, as architect, was agent of respondent "for the purposes of the contract." There is nothing in the contract authorizing Mr. Donohue to modify the terms of the contract, or enter into a new one.

"The mere fact that a person is employed as an architect does not constitute such person a general agent of his employer, his powers as agent being limited by the contract entered into between them. Thus, unless specially authorized, he is not entitled to change, alter or modify the con-

tract entered into by the builder and his employer." 6 Cyc., 29, and authorities cited.

The contract itself, which was exhibited to the surety company, very plainly showed that the extent of Mr. Donohue's authority as agent was limited to the construction of the buildings, and in no way authorized him to make a new or different contract from the one already entered into between the parties thereto.   Nor would the fact that Mr. Donohue was directed to go with the contractor, and see to it that he got the bond which he had promised to obtain, authorize Mr. Donohue to change the contract.   When the agents of appellant saw the contract, and the extent of Mr. Donohue's authority as therein set out, and that it was executed by the principals, they were thereby put upon notice as to the authority of Mr. Donohue.   It was therefore their duty to notify the principal in the contract, for whose benefit the security was given, of any change they desired made, before executing the bond as indemnity therefor.   This was never done.

Appellant also contends that, if Mr. Donahue had no authority to change or authorize the change in the contract, since it refused to issue the bond on the contract as prepared and signed by the principals, but issued it only upon the contract as changed, therefore the bond was void.   This position cannot be maintained, because, under the facts stated, the bond was to be furnished by the contractor to the respondent as a consideration for the contract.   When the bond was issued and delivered to respondent without notice of any change in the original contract, he had a right to rely upon it as being in accordance with his contract, until he was notified differently.   He had no notice that there had been any change in the terms of his contract. He relied upon it, and paid out his money upon the strength

of it.   He had no reason to suspect that the bond was not what it purported to be.

Appellant further contends that the written contract between Barwick and respondent did not require Barwick to furnish any bond or security, and therefore the bond subsequently furnished was a mere gratuity without consideration and not enforcible.   Several authorities are cited to that effect.   But even if this is the correct rule, it has no application to this case because the evidence shows conclusively that, prior to the execution of the contract, respondent demanded of Barwick a bond for the faithful performance of the contract, and refused to enter into it with Barwick unless such bond were furnished.  Barwick thereupon agreed to furnish such bond and, in consideration thereof, respondent signed the contract.   This was a sufficient considera tion as between respondent and Barwick to support the bond.   Brandt on Suretyship & Guaranty (2d ed.), §§ 13, 15; *Pacific National Bank v. Ætna Indemnity Co.,* 33 Wash. 428, 74 Pac. 590.   It is not contended that no consideration passed from Barwick to appellant for the bond.

The other points argued are covered by what is said above.   There is no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., HADLEY, DUNBAR, and ANDERS, JJ., concur.