[No. 5742.   Decided December 7, 1905.]

J. F. IRBY et al., Respondents, v. W. H. PHILLIPS, Appellant.[1]

APPEAL—REVIEW—VERDICT. The verdict of a jury upon conflicting evidence which is sufficient to support the judgment will not be disturbed on appeal.

PLEADING AND PROOF—VARIANCE—AMENDMENTS CONSIDERED MADE. Where the entire controversy was before the court and jury, and there was no claim that appellant was misled or perjudiced, a variance between the pleading and proof going only to the amount of the recovery, is immaterial, and necessary amendments will be considered as made.

Appeal from a judgment of the superior court for Franklin county, Rudkin, J., entered December 23, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

O. R. Holcomb, for appellant.

Zent & Lovell, for respondents.

HADLEY, J.—This action was brought to recover the alleged contract price for drilling a water well. The complaint alleges, that the contract was a verbal one, by which it was agreed that plaintiffs should drill a well upon the defendant's farm, and that the defendant should pay therefor the sum of $2 per foot for the first two hundred feet of depth, and $2.25 for each foot in excess of two hundred feet; that the plaintiffs, for said price, guaranteed that they would drill

a depth of three hundred feet, but that the guaranty extended no farther; that, in addition to the amounts to be paid for the drilling as aforesaid, the defendant was to move the drilling outfit to the place of drilling and furnish the necessary fuel and water to operate the drilling machinery, all at his own expense; that pursuant to said agreement, the plaintiffs drilled a well to the depth of seven hundred and six feet, when the defendant ordered them to cease drilling; that the plaintiffs were ready and willing to continue the drilling to a greater depth, but that the defendant refused to permit them to do so. Judgment is demanded for $1,538.50.

The answer alleges that the agreed price was fifty cents per foot in earth, and $2 per foot in rock, for the first two hundred feet, and $2.25 per foot for all in excess of two hundred feet; that, if plaintiffs failed to obtain water sufficient for defendant's purposes, the amount to be paid was one-half of the above rates per foot for the total depth drilled, provided they should drill as long as required or desired by defendant, and that plaintiffs were to drill until they obtained a sufficient quantity of water, or until required by defendant to cease. It is alleged that plaintiffs ceased drilling without any directions from defendant that they should do so, and without his consent, and contrary to his desires.

We believe the foregoing sufficiently states the material points in the pleadings. What is alleged concerning the agreement to deduct the amount for any well abandoned before reaching a depth of three hundred feet is not pertinent now, inasmuch as the well over which the controversy arises was not so abandoned. The cause was tried before a jury, and a verdict was returned in favor of the plaintiffs in the sum of $806.05. Judgment was entered for the amount of the verdict, and the defendant has appealed.

Appellant assigns a number of errors but, as stated in his brief, the seventh assignment practically includes all the others. That assignment is to the effect that the verdict

is contrary to the law and the evidence, and that the motion for a new trial should have been granted. The testimony for respondents concerning the contract was to the effect that, if they were unable for any reason to reach a depth of three hundred feet, and had not obtained water, they were to receive no pay; but that, if they drilled a greater depth than three hundred feet, they were to receive pay for the entire distance drilled. The testimony for appellant was to the effect that the drilling was to continue until water was reached, or until appellant should direct that the drilling be discontinued, in which event, if water was not found, the price to be paid should be one-half of the rates named. There was evidence to the effect that appellant declined to further furnish fuel and water for respondents' use in drilling, and that for that reason they were compelled to cease the work. The court instructed the jury that, if they found the contract to be that respondents were to drill until they found water, then they could not recover; but if, upon the other hand, they found that respondents were to drill at so much per foot, and did not agree to get water, then they were entitled to recover one-half the amount claimed. The instruction that recovery could in no event be had for more than one-half the amount claimed was in appellant's favor, and no exceptions were taken to other features of the instructions. The issue was thus clearly defined by the instructions, and the jury, having the evidence before them, found for respondents, and they must therefore have found that respondents were to be paid for the whole distance drilled, whether water was found or not. While the testimony conflicts, yet there is evidence in support of the verdict, and we believe the court did not err in refusing to set it aside for insufficiency of evidence.

Appellant argues that there was a fatal variance between the averments of the complaint and the proofs, and that he was, for that reason, entitled to a directed verdict in his favor. We do not believe there was such fatal variance. The averments of the complaint were sustained by the proof, except

perhaps in the particular that the amount to be paid was one-half the rates named in the event water was not found. This, however, related only to the amount of recovery, and did not negative the right to recover in some amount. In any event, the parties had fully stated, both in the pleadings and evidence, their respective views of the contract, and of what was done thereunder. The entire controversy was before the court and jury. There was no showing that appellant was in any way prejudiced or misled. It was, therefore, proper for the court to direct the facts to be found according to the evidence. Bal. Code, § 4950. See, also, *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 60 Pac. 156. The respondents were entitled to amend the complaint to correspond with the proofs, and in such case this court will, on appeal, consider such amendment as made. *Richardson v. Moore,* 30 Wash. 406, 71 Pac. 18 ; *Allend v. Spokane Falls etc. R. Co.,* 21 Wash. 324, 58 Pac. 244.

Under the record as presented, we find no reversible error, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.