[No. 5718. Decided December 20, 1905.]

H. E. GRITMAN, *Respondent,* v. UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant.*[1]

PLEADINGS—AMENDMENTS TO CONFORM TO PROOF—SURPRISE. It is proper to allow an amendment to the complaint to conform to the proof that an architect's certificate was duly given, although it was not pleaded, where it appears that on a former trial the same was offered and received in evidence, and that on the same trial the defendant offered evidence in rebuttal thereof, and could not have been surprised; especially where the order allowing the amendment recites that the objections to the evidence were not argued until after the parties had introduced their evidence and rested, and no improper advantage was obtained.

INDEMNITY — CONTRACTOR'S BOND — DEFENSES — CONTRACTOR AS AGENT FOR DELIVERY. Where a surety company delivers a bond to a contractor for the purpose of closing a building contract, the contractor is made the agent of the surety for the purpose of delivering the bond, and the surety cannot claim that the bond was not given upon the contract for which it was delivered, if there was nothing on the face of the bond which would tend to put the owner upon inquiry.

Appeal from a judgment of the superior court for Adams county, Kennan, J., entered October 29, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the

1Reported in 83 Pac. 6.

court without a jury, in an action on a building contractor's bond. Affirmed.

*Merritt & Merritt* and *Crow & Williams,* for appellant.

*O. R. Holcomb* and *Post, Avery & Higgins,* for respondent.

DUNBAR, J.—This is an action by respondent, who was the owner, against the contractor and appellant, surety on the contractor's bond, for damage on account of the default of the contractor. The complaint alleged, the execution of the contract; that the contractor had entered upon the performance of the contract and had, during the continuance thereof, abandoned the work; that he had paid divers sums upon the estimate of the architects, and was compelled to pay certain judgments upon materialmen's and laborers' .liens, and certain other amounts to complete the building; that the contractor was to pay $10 per day for the time after the 1st day of August; that the building was not completed for thirty-six days thereafter; and that altogether he was damaged in the total sum of $2,787.44. It was not alleged in the complaint that the accounts for expenses incurred by the owner were audited and certified by the architects, as provided by article 5 of the contract.

Appellant demurred to the complaint on general grounds. The demurrer was overruled, issues were joined, and an affirmative defense set up that the contract under which the building was erected was not the contract under which the bond was given; that the judgments upon the mechanics' liens were erroneous and void, etc. The respondent replied, denying the affirmative answer. The case was tried in October by a jury, resulting in a verdict for respondent. The verdict was afterwards set aside and a new trial granted. The second trial was by the court. During the first trial the respondent offered in evidence a certificate of the architects by which the correctness of the expenses was certified. To this offer appellant objected on the ground that it was ir-

relevant, incompetent, and immaterial, and there were no allegations in the complaint to justify it. The certificate was admitted in part and excluded in part, the part excluded being held to be improperly in the certificate.

After the new trial was granted, the appellant applied for, and was granted, leave to file an amended answer. Respondent asked, and was granted, leave to amend his complaint in certain immaterial particulars, but no effort was made to amend by alleging that the architects had audited and certified as required by the contract. When the case came on for trial the second time, on the 19th day of February, 1904, it was stipulated that the testimony taken at the former trial should be extended and transcribed, and the parties should offer any additional testimony they desired and interpose additional objections, and the court should consider all testimony taken and objections made at both trials. Again respondent offered the certificate of the architects upon the expenses incurred after the default of the contractor. Objection was again made, upon the same ground as in the former trial, and upon the additional ground that it was not in the manner and form contemplated in the contract. In April the case came on for argument upon the objections to testimony and upon the merits. On the 28th day of October, the court signed an order permitting respondent to amend his complaint and, at the same session, signed the findings of fact, conclusions of law, and judgment upon the amended complaint, to all of which appellant objected, and it was allowed an exception. On October 29, the order granting leave to amend, the amended complaint, the findings, conclusions, and judgment were filed with the clerk.

The appellant's contention is that the court erred in allowing the amendment to the complaint in relation to the architects' certificate at the time it was made. Conceding; without deciding, that the complaint was not broad enough, to admit the certificate of the architects, the trial court did not

commit error in granting the motion to make the pleadings conform to the evidence; and if it had not done so, this court, under the liberal provisions of the statutes and its own uniform decisions, would consider the pleadings amended to conform to the facts proven and necessary to be proven, when such amendment would be in furtherance of justice and when neither party would be in any wise misled or prejudiced thereby. A very earnest appeal has been made by appellant, by both brief and oral argument, on that question, and it is insisted that injustice has been done it by allowing this amendment. Counsel differ widely as to what actually occurred during the trial of the case, tending to show whether or not objection was made to the introduction of the evidence of the architects' certificate for the special reason that it was not pleaded. An examination of the record shows that there is room for contention on this proposition. However, the more material question is, has the appellant been in any way surprised or misled by the action of the court in allowing the amendment? Upon this question the following excerpt from the language of the court, in passing upon the motion to amend, has great weight. The court, in making its ruling on the motion to amend, among other things, said:

"After the certificate was received in evidence by the court, counsel for defendant offered evidence tending to impeach said certificate, all of which was admitted, considered and received by the court; that the court is of the opinion that the allegations of the complaint were broad enough to entitle the plaintiff to introduce in evidence said certificate, and inasmuch as defendants were permitted to introduce evidence for the purpose of impeaching or destroying the force and effect of said certificate the same as if an issue had been made thereon by the answer as well as by the complaint, and as the point of insufficiency of the complaint in this respect with other objections was not argued before the court until several weeks after both parties had introduced their evidence and rested and agreed that the case should be argued after the evidence had been transcribed by the stenographer, and

the point as to the sufficiency of the complaint is purely technical and no improper advantage could be obtained by the plaintiff and no harm done to defendant by considering the complaint as amended to accord with the proofs, now therefore, it is ordered, upon motion of plaintiff, that said complaint be treated as amended with the proofs in the above respect, and further that the plaintiff may, if he desires, file amended complaint as of the time of the second trial of this cause, to wit, February 19, 1904; said amended complaint to contain an allegation as to the execution and delivery by the architects of said certificate and estimate, auditing said account above referred to, and also that the answer of the defendant shall likewise be deemed amended to accord with the proofs so that all testimony and evidence introduced by defendant tending to impeach or destroy the effect of said certificate shall be considered properly in evidence and within the issues in said cause."

Not only was this certificate introduced in evidence on the first trial, so that the appellant cannot plead surprise or want of opportunity to prepare controverting testimony, but upon rebuttal the appellant affirmatively proved the giving of the certificate, and attempted to show that it was given without sufficient investigation. This would probably not estop the appellant from urging the inadmissibility of the testimony offered by the respondent, but it goes to show lack of surprise or injury by reason of the order of the court allowing the amendment to the complaint. The whole record brings the case squarely within the rule announced by this court in *Green v. Tidball,* 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879, where we said:

"The statute directs us to disregard any error or defect which does not affect a substantial right of the adverse party, (§ 4957), and to determine all causes upon the merits thereof, disregarding all technicalities, and to consider all amendments which could have been made as made (§ 6535). When, therefore, a cause has been tried upon its merits, as if upon pleadings sufficient in form and substance, in which the com-

plaining party has not been misled, and has had full opportunity to present his case, some substantial wrong, some failure on the part of his adversary to aver or prove a material matter necessary on his part to be averred and proven in order to entitle him to recover, must be shown, before this court is warranted in reversing and remanding a cause for a new trial. A mere defect in pleading is not such a cause. It must not only be defective, but must have operated to the substantial injury of the complainant, before that result can follow."

The same reasoning would prevent this court from dismissing the case after trial, even though the demurrer should have been sustained in the first instance. See, also, *Kinkead v. Holmes & Bull Furniture Co.*, 24 Wash. 216, 64 Pac. 157.

The next contention, that the contract sued on was not the contract upon which the bond was given, cannot be sustained. It is not material that the architect happened to be the scrivener who drew the contract. He had no authority or power whatever over the contract or over the parties to the contract, and was in no particular, as shown by the record, representing the respondent. The appellant, the bond company, delivered the bond to Covert, the contractor, for the purpose of closing the transaction with the respondent, and thereby constituted him its agent; and if there was nothing on the face of the bond which would tend to put respondent on inquiry, the appellant is bound. *King County v. Ferry,* 5 Wash. 536, 32 Pac. 538, 34 Am. St. 880, 19 L. R. A. 500; *Eureka Sandstone Co. v. Long,* 11 Wash. 161, 39 Pac. 446; *Risse v. Hopkins Planing Mill Co.,* 55 Kan. 518, 40 Pac. 904; *Sweeney v. Aetna Indemnity Co.,* 34 Wash. 126, 74 Pac. 1057.

We are satisfied that the lien judgments, even as against direct attack, were properly incorporated in the judgment; but such judgments not having been moved against directly, but being assailed in a collateral proceeding, nothing is shown which affects their validity.

We think the findings of the court were justified by the testimony, that no prejudicial error of law was committed, and that therefore the judgment should be affirmed, and it is so ordered.

MOUNT, C. J., RUDKIN, FULLERTON, and HADLEY, JJ., concur.

ROOT, J., concurs in the result.

CROW, J., having been of counsel, took no part.