[No. 6239. Decided July 31, 1906.]

W. F. MEIER, *as Receiver, Appellant,* v. FIDELITY NATIONAL BANK, *Respondent.*[1]

INJUNCTION — NOTICE — REQUISITES — EXECUTIONS—SUPPLEMENTAL PROCEEDINGS. An injunction issued against one not a party to proceedings supplemental to execution, without notice, or showing an emergency, and without bond or naming a return day, is void.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered January 18, 1906, upon sustaining a demurrer to the complaint, dismissing an action against a bank for the diversion of the proceeds of a draft. Affirmed.

*Samuel R. Stern,* for appellant.

*Happy & Hindman, for* respondent.

1Reported in 86 Pac. 574.

Root, J.—This appeal is from a judgment entered in favor of the respondent against appellant, dismissing the action upon appellant's failure to plead further, after the court had sustained a demurrer to the amended complaint. The material facts appearing in the complaint were about as follows: The Sprague General Supply Company, on February 13, 1904, recovered a judgment against one A. F. Narver for $774.92, upon which execution ran, certain property was sold, and the proceeds applied, leaving a balance of $331.36 unsatisfied. Payment of said balance was demanded of Narver, who refused to pay. Thereupon proceedings supplemental to execution were instituted under Pierce's Code, § 908, and an injunction was issued against said Narver and against this respondent and another bank, enjoining them from "disposing of any of the property of said A. F. Narver, whether in the form of bank draft, moneys, or any other property, until further order of the court herein." Respondent was not made a party to said proceeding, and said injunction was issued without any notice to it, and without the execution of any bond. Said injunction was served on Narver at six o'clock in the evening of May 17, 1905, and on respondent at the opening of its bank at ten o'clock a. m. May 18, 1905.

Narver had left with the sheriff of Whitman county the sum of $500 as security for his appearance upon a criminal charge. Upon being released, the balance of $420.55, in the form of a draft on the Traders National Bank, addressed to said Narver, was sent to Spokane, arriving there at about 7:30 p. m. May 17, 1905, after the restraining order had been served upon Narver. Said draft was indorsed by Narver and delivered to respondent, and the latter received and retained the proceeds thereof. Upon the examination of Narver in said supplemental proceedings, the fact was developed that he had concealed a portion of his assets, to wit, the sum of $420.55, and a receiver was appointed and was duly qualified at the time of bringing this action, which is for damages

against respondent because of the alleged diversion of the proceeds of said draft.

Respondent contends that, inasmuch as it was not made a party to the proceedings between the Sprague Company and Narver, and had no notice of the application for the injunction, and no emergency being shown in the complaint or affidavit, or otherwise, for the issuance of the injunction without a notice, and no return day being named in the injunctive order, and no bond being given, said injunctive order was absolutely void. Under the statutes and former decisions of this court, we think the contention must be upheld. Pierce's Code, §§ 477, 490, 900-904; Bal. Code, §§ 5432, 5435 (P. C. §§ 484, 487); *Larsen v. Winder,* 14 Wash. 109, 44 Pac. 123, 53 Am. St. 864; *In re Groen,* 22 Wash. 53, 60 Pac. 123; *Keeler v. White,* 10 Wash. 420, 38 Pac. 1134; *Cherry v. Western Washington Ind. etc. Co.,* 11 Wash. 486, 40 Pac. 136; *Swope v. Seattle,* 35 Wash. 69, 76 Pac. 517; 10 Ency. Plead. & Prac., 920; 21 Ency. Plead. & Prac., 1014, 1037, 1041; 12 Cyc. 48; *Barr v. Voorhees,* 55 N. J. Eq. 561, 37 Atl. 134; *Davenport v. Kelly,* 42 N. Y. 193; *Jessup v. Carnegie,* 80 N. Y. 441, 36 Am. Rep. 643; *Hexter v. Clifford,* 5 Colo. 168; *Andover etc. Corporation v. Gould,* 6 Mass. 40, 4 Am. Dec. 80; *James v. Atlantic Delaine Co.,* Fed. Cas. No. 7,179; *Storm v. Waddell,* 2 Sandf. Ch. 494, 514; *Lansing v. Easton,* 7 Paige Ch. 364; *First Nat. Bank v. Gage,* 93 Ill. 172; *In re Pitts,* 9 Fed. 542.

The judgment of the superior court is therefore affirmed.

MOUNT, C. J., DUNBAR, CROW, HADLEY, FULLERTON, and RUDKIN, JJ., concur.