[No. 6393. Decided November 1, 1906.]

Joseph Lang, *Respondent,* v. Crescent Coal Company, *Appellant.*[1]

Mines and Minerals—Contract—Performance to Satisfaction of Engineer. In an action upon a contract to construct a 350 foot slope in a mine to the satisfaction of defendant's engineer, the evidence is sufficient to show that it was done to the engineer's satisfaction, where it appears that a dispute arose upon the completion of the first 75 feet, which was unsatisfactory, whereupon the plaintiff stopped work until the differences were settled, and finished the balance of the work as directed by the engineer, and there was evidence that the defendant agreed to accept the first 75 feet before defendant went back to work.

[1]Reported in 87 Pac. 261.

PLEADING—VARIANCE. An allegation that the defendant accepted the work is sufficient to admit proof that the same was done to the satisfaction of defendant's engineer as required by a written contract.

APPEAL—HARMLESS ERROR—AMENDMENT. Error in overruling a demurrer to a complaint for failure to allege an essential matter is not prejudicial where evidence thereon was introduced and the same was the principal issue in the case; as the court will consider the complaint amended to conform to the proof.

Appeal from a judgment of the superior court for Lewis county, McCredie, J., entered March 6, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for breach of contract. Affirmed.

*Ira A. Town* and *Maurice A. Langhorne*, for appellant.

MOUNT, C. J.—The respondent brought this action to recover a balance alleged to be due upon a contract for the construction of a slope in appellant's coal mine. The complaint sets out the contract, and alleges,

"that the plaintiff entered upon the performance of said work under said contract on the 20th day of May, 1904, and continued therein until the 7th day of November, 1904, when the same was completed, and that the said work was by the defendant and its agents accepted and the same ever since has been and now is in the possession of the defendant, who, through its agents and employees, has worked and occupied the same; . . . that said slope was sunk the distance of three hundred and fifty feet as provided in said contract."

The complaint then alleges the amount due after deducting certain payments. The contract contained the following clause:

"It is understood and agreed that said work shall be performed under the direction and to the satisfaction of the mine superintendent of said second party, S. O. Ewing; provided, however, if any disagreement arises as to the character or completion of the work it shall be referred to a competent mining engineer to be agreed upon by the parties hereto."

A demurrer was filed to this complaint, and overruled, and answer was then filed, admitting the contract but alleging that the work was not performed to the satisfaction of the defendant's superintendent; and, as an affirmative defense, alleged that the respondent failed and refused to construct said slope as required by said superintendent, but so constructed the same that it contained a crook or curve, to defendant's damage in the sum of $1,500. The answer also alleged that the defendant had overpaid the plaintiff in the sum of $524.27; and prayed for judgment against the plaintiff for the amount of damages and excess payment above stated. The reply denied the allegations of the answer. The cause was tried to the court without a jury. Findings were made in favor of the plaintiff, and a judgment entered for the amount of $1,434.53.

The appellant assigns error of the trial court in overruling the demurrer to the complaint, and in admitting certain evidence tending to show a waiver of the terms of the contract, and in making certain findings and in refusing to make findings proposed by the appellant. The respondent has not appeared in this court, and has not filed a brief in the case. Upon a careful examination of the record, we find that the principal issue tried was whether the superintendent was satisfied with the work as it progressed. The undisputed evidence is, that the superintendent was present from the beginning of the work; that, when the slope had been constructed a distance of about seventy-five feet, the said superintendent called the attention of respondent to the fact that the slope was not being constructed on a straight line, but was making a bend to the right. After some dispute between the respondent and the superintendent as to the proper way to construct the slope to a straight line, the respondent stopped the work and removed his tools from the slope. The superintendent thereupon notified the respondent that they should employ a mining engineer under the terms

of the contract to adjust the dispute. Respondent refused to do this. Thereupon the president of the appellant intervened, and it was finally agreed between respondent, the president, and the superintendent of appellant company that respondent should continue the work and finish the same upon lines furnished by the superintendent, which was done, and the slope was completed on November 7, 1904. No objections were made to the work, or the manner in which it was done, until December 31, 1904, when the appellant notified respondent that the work was not satisfactory to the superintendent, because the slope was not constructed on a straight line, and respondent was directed to repair the slope.

There seems to be no contention that the work done after the first seventy-five feet was not satisfactory, but the appellant contends that the superintendent was not satisfied with the first seventy-five feet of work, and that the appellant did not agree to accept that part of the work, and therefore the respondent should not recover. Respondent, on the other hand, showed in substance that the president and superintendent of appellant company did agree to accept the first seventy-five feet of work, and that respondent, after he had quit work, went back and finished the same upon lines furnished by the superintendent, with the express understanding that, if he did so, the work done would be satisfactory. It will thus be seen that there was a direct issue of fact upon this question whether the work was satisfactory to the superintendent. We think the trial court correctly found with the respondent upon the evidence.

Appellant contends that the complaint is not sufficient because it does not directly allege that the work was performed "to the satisfaction of the mine superintendent." Several authorities are cited to the point that, where suit is brought upon a contract requiring work to be done to the satisfaction of another, it is necessary to allege that fact. We think the allegation that the defendant accepted the work is sufficient to bring the complaint within the rule. But, assuming

that the complaint was deficient in this respect and that the court should have sustained the demurrer upon this ground, still under our liberal practice this is not sufficient for a reversal of the case; because, had the demurrer been sustained, the respondent should have been allowed to amend. Evidence was introduced tending to show that the work was done to the satisfaction of the superintendent and, as above stated, this was the principal issue tried in the case. Upon this appeal it is our duty to treat the complaint as amended, if necessary, to correspond with the facts proved. We conclude, therefore, that, if the trial court erred in overruling the demurrer, such error is not reversible. The other assignments of error are disposed of by the ones decided above.

The judgment appears to be right, and is therefore affirmed. No costs will be allowed to respondent on this appeal.

ROOT, DUNBAR, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.