[No. 6855. Decided November 1, 1907.]

H. M. BRUMMETT, *Respondent*, v. M. J. GLEASON *and*
MONTESANO NATIONAL BANK, *Appellants*.[1]

APPEAL—REVIEW—PLEADING—AMENDMENTS. Upon objection that a complaint does not state sufficient facts, the supreme court will consider it amended to conform to the proofs, where no demurrer was interposed.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered January 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to declare a trust in real property. Affirmed.

[1]Reported in 92 Pac. 266.

*B. G. Cheney*, for appellants.

*W. H. Abel*, for respondent.

RUDKIN, J.—This action was brought to declare a trust in real property. The complaint alleged that the plaintiff conveyed the property to the defendant Gleason, without consideration, and in trust for the sole use and benefit of of the plaintiff, with the understanding that the plaintiff should remain in possession thereof; that the plaintiff did remain in actual, open, notorious and exclusive possession of the property; that the defendant Gleason agreed to reconvey the property to the plaintiff on demand; that he has failed and refused so to do, and other allegations not deemed material here. The answer admitted the conveyance to the defendant Gleason, but averred that the conveyance was for a valuable consideration and was absolute in fact as well as in form. The court below found that the conveyance was intended as a mortgage to secure certain advances to be made by the defendant Gleason, and money borrowed and to be borrowed by the defendant Gleason for the use of the plaintiff, and entered a decree adjusting the equity of the parties upon the mortgage theory. From that decree the present appeal is prosecuted.

It is first contended by the appellant that the complaint did not state facts sufficient to constitute a cause of action. However this may be, no demurrer was interposed to the complaint, and it is our duty at this time to consider the complaint amended, if need be, to conform to the facts proved on the trial. *Richardson v. Moore*, 30 Wash. 406, 71 Pac. 18; *Irby v. Phillips*, 40 Wash. 618, 82 Pac. 931. It appears clearly and satisfactorily from the testimony that the conveyance was intended as a mortgage, as found by the court, and that the appellant has grossly abused the trust confided in him. The findings as to the purpose of the conveyance and in the matter of the accounting between the parties is amply sustained by the testimony, the

legal conclusions follow from the findings as a matter of course, and the judgment is accordingly affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, ROOT, and DUNBAR, JJ., concur.