[No. 7254. Decided September 16, 1908.]

J. A. PETERSON *et al.*, *Respondents*, v. CHARLES H. BARRY, *Appellant.*[1]

APPEAL—REVIEW—OBJECTIONS TO PLEADINGS—WAIVER—PLEADING OVER—VENUE. Error in overruling a demurrer to a complaint which failed to show jurisdictional facts as to venue, is waived by answering over and trial on the merits, where the defendant was not misled and had full opportunity to present the merits of his case, and the jurisdictional facts were established, so far as the record discloses.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered October 29, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action of replevin. Affirmed.

*James W. Bryan*, for appellant.

*B. B. Crawford*, for respondents.

MOUNT, J.—This action was brought to recover the possession of certain personal property, or its value. The case was tried upon its merits to the court and a jury, and upon such trial a verdict was rendered in favor of the plaintiffs, and judgment followed for $341. The defendant appeals.

[1]Reported in 97 Pac. 239.

There is no statement of facts. The appellant relies entirely upon technical objections. His principal point is that the court erred in overruling his demurrer to the complaint. This point is the only one which we deem of sufficient merit to justify consideration. The complaint alleges that the plaintiffs "are the owners, and entitled to the immediate possession, of certain goods and chattels, of the value in cash of $525.22, which personal property is more fully described and valued in exhibit A, attached to plaintiffs' affidavit in replevin, filed in this action; that defendant wrongfully retains said goods and chattels from the possession of plaintiffs, and has so detained them ever since the month of September, A. D., 1905, due demand being made therefor, to the damage of plaintiff in the sum of $200." The demurrer to this complaint was upon the grounds that it failed to state a cause of action, and that the court is not shown thereby to have jurisdiction over the subject-matter. The demurrer was submitted without argument, and was overruled, and appellant then answered, making general denials.

It is argued that the complaint is fatally defective because it contains, "(1) no allegation of demand; (2) no allegation of ownership at the time of demand; (3) no description of the goods; and (4) no allegation of venue." It is true the complaint contains no allegation showing that the property was at that time located in Kitsap county, where the action was brought, and it is also the law that the court would have no jurisdiction over the subject-matter unless the property was within the jurisdiction of the court. But the appellant did not stand upon his demurrer. The jurisdictional facts could have been proved at the trial, and for aught that appears here, that fact, and all other necessary facts omitted from the complaint, were fully established by proofs at the trial. This court said, in *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879:

"The statute directs us to disregard any error or defect which does not affect a substantial right of the adverse party

(§ 4957), and to determine all causes upon the merits there-of, disregarding all technicalities, and to consider all amendments which could have been made as made (§ 6535). When, therefore, a cause has been tried upon its merits, as if upon pleadings sufficient in form and substance, in which the complaining party has not been misled, and has had full opportunity to present his case, some substantial wrong, some failure on the part of his adversary to aver or prove a material matter necessary on his part to be averred and proven in order to entitle him to recover, must be shown, before this court is warranted in reversing and remanding a cause for a new trial. A mere defect in pleading is not such a cause. It must not only be defective, but must have operated to the substantial injury of the complainant before that result can follow."

In *Gritman v. United States Fidelity and Guaranty Co.,* 41 Wash. 77, 83 Pac. 6, we followed this rule, and added: "The same reasoning would prevent this court from dismissing the case after trial, even though the demurrer should have been sustained in the first instance." This rule has been followed in other cases. *Richardson v. Moore,* 30 Wash. 406, 71 Pac. 18; *Irby v. Phillips,* 40 Wash. 618, 82 Pac. 931; *Lang v. Crescent Coal Co.,* 44 Wash. 267, 87 Pac. 261; *Hester v. Stine,* 46 Wash. 469, 90 Pac. 594.

The appellant in this case does not appear to have been misled in any particular. He had a full opportunity to present the merits of his case to the court and the jury, and we have no doubt that, if any jurisdictional or other fact necessary to the respondents' cause was not fully established at the trial, the record would be here to show the error.

No prejudicial error appears here, and the judgment must therefore be affirmed.

HADLEY, C. J., CROW, and FULLERTON, JJ., concur.

RUDKIN and ROOT, JJ., took no part.