[No. 9574.   Department Two.   November 9, 1911.]

JOSEPH SILVER, *Respondent*, v. WASHINGTON INVESTMENT COMPANY et al., *Appellants.*[1]

INJUNCTION — WHEN LIES — COMPLAINT—SUFFICIENCY—ADEQUATE REMEDY AT LAW—MULTIPLICITY OF SUITS.   The complaint in an action for an injunction shows that the injury cannot be compensated in damages, and there is no adequate remedy at law, where it appears that the lessor of the five top stories of an office building with a hallway for ingress and egress has lost subtenants and that other subtenants are threatening to vacate because the hallway is blocked by the lease of a cigar stand, where crowds congregate to indulge in games of chance, inconveniencing and driving away the clientage of tenants in the building; hence an action lies to enjoin the maintenance of the cigar stand in the hall, to avoid a multiplicity of suits from the continuing wrong.

[1]Reported in 118 Pac. 748.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 18, 1911, in favor of the plaintiff, after a trial on the merits before the court, in an action for injunctive relief.     Affirmed.

*Peterson & Macbride* and *John P. Hartman*, for appellants.

*Walter Metzenbaum* (*Walter S. Fulton*, of counsel), for respondent.

DUNBAR, C. J.—The appellant the Washington Investment Company is the owner of a building in the city of Seattle.     The upper five floors of this building were leased by the Washington Investment Company to one H. R. Coleman, including the right of ingress and egress through a hallway eleven feet in width and extending from the entrance to the elevator.     Respondent is the successor in interest of the said H. R. Coleman under said lease.     The remainder of the statement is comprehended in the allegations of the complaint, the pertinent allegations being as follows:     That on or about the 1st day of June, 1910, the defendants Spring & Bridgman, by virtue of a lease entered into with the defendant the Washington Investment Company, entered into the possession of the south five feet of the hallway mentioned before, and began to conduct, and ever since have been and are now conducting, a retail cigar stand upon the said premises; that the whole of the five feet so occupied by them is occupied by the counters and shelves belonging to the said cigar stand and the space behind the counter, so that the patrons of the said defendants are obliged to, and do, stand in the remaining six feet of the said hallway; that by reason of the fact that the said defendants Spring & Bridgman are conducting such business as hereinbefore set forth, and by reason of the fact that the said defendants are conducting, and permitting to be conducted upon the said premises, games of chance, the remaining portion of the said hallway is at all times crowded with persons, so that the right of ingress and egress of the

plaintiff and of his tenants to and from the upper floors of the said building is substantially interfered with; that five upper floors of the said building are being used by the plaintiff as an office building, and contain about eighty rooms, which are rented by the plaintiff to a large number of tenants, among whom are various physicians and other persons who have as patients and visitors a large number of women; that by reason of the location of the said cigar stand in the hallway of the said building, through which any person desiring to go to the upper floors of the said building is obliged to pass, many of the patients and persons having business with the tenants of the plaintiff have refused longer to patronize said tenants; that by reason thereof some of the tenants of the plaintiff have vacated their rooms and refused longer to occupy or rent the same, and other of the plaintiff's tenants are threatening that they will vacate the rooms occupied by them and will refuse longer to occupy the same; that the said defendants Spring & Bridgman are conducting upon said premises, and permitting to be conducted thereon by others, games of chance, thereby attracting to the said premises, through which all persons having business with the plaintiff's tenants are obliged to pass, persons who desire to patronize the said games, and who use continually, loud, boisterous, and profane language, and whose conduct and language are such as to seriously annoy any decent and respectable people passing through the said hallway for the purpose of transacting business with the plaintiff's tenants.

Plaintiff brought this action to enjoin the defendants from continuing the use of said hallway as a cigar stand. The defendants separately demurred to the complaint, on the ground that it did not state a cause of action. These demurrers were overruled. Afterwards the defendants answered separately. Upon the issues thus formed, a trial was had upon the merits, and a decree entered permanently enjoining the defendants and all of them from continuing the use of said hallway or any part thereof as a cigar stand. From that

decree, the defendants and each of them have appealed to this court. ·

The assignments of error are: (1) the court erred in overruling the demurrer of the appellant Washington Investment Company to the complaint; (2) the court erred in overruling the demurrer of appellants Spring & Bridgman to the complaint; (3) the court erred in entering the decree against appellants. It is conceded by the appellants that the proof was as strong as the complaint, so that it will not be necessary to go into that phase of the case.

It is the contention of the appellants that there is no allegation that plaintiff sustained any damage by reason of the alleged interference with the use of the entrance, and that, therefore, the complaint does not state a cause of action for an injunction; further, that there was no allegation in the complaint that, if such injunction were not granted, there would be a multiplicity of suits by reason of the alleged encroachment upon respondent's rights; that there was no allegation that the ordinary remedy at law was inadequate, nor that the Washington Investment Company was insolvent. The language of this court in *Rockford Watch Co. v. Rampf,* 12 Wash. 647, 42 Pac. 213, to the effect that an injunction is an equitable remedy, and the writ ought never to be granted except in very clear cases and where there is no plain, speedy, adequate and sufficient remedy at law; that where the injury complained of can be compensated in damages, injunction is not a proper remedy; is cited by appellants to sustain their contention. This view of the law may be conceded, as well as the statement set forth in § 2840 of Sutherland on Code Pleading, to the effect that the complaint must clearly show that there is no remedy at law, the simple allegation of irreparable injury not being sufficient, but that it should appear to the court from the facts set forth in the complaint.

· But it seems to us that it does appear from this complaint that the injury complained of cannot be compensated in damages, and that it further appears that the remedy at law

would not be an efficient remedy, from the fact that it clearly appears from the complaint that the wrong complained of is a continuing wrong, and if an action for damages had to be relied upon, it would necessarily work a multiplicity of suits; and this court, in common with all other courts, has decided that, where the injury is a continuing one, an injunction is the proper remedy. It is true that the complaint does not formally allege the damage that the plaintiff is sustaining, and will sustain, but the statement of facts set forth in the complaint conclusively shows an injury and a damage to the plaintiff. It is said in 22 Cyc. 929, that an injunction will not be granted unless the complaint shows that a refusal to grant the writ will work irreparable injury; but it is also said:

"It is not sufficient simply to allege that the injury will be irreparable, but the facts must be stated so that the court may see that the apprehension of irreparable injury is well founded."

And so here, it would not be sufficient for the plaintiff to state that he was injured, because that would have been a conclusion drawn from the facts stated. But it is his duty, as he did, to state the facts from which the court can draw the conclusion of irreparable or other injury. And, from the facts stated in this complaint, it is so evident that the plaintiff would be damaged if the acts complained of were continued, that argument on the subject would be idle. Again, upon the overruling of the demurrer, the defendants answered, thereby accepting the rule of court and waiving the error. *Peterson v. Barry*, 50 Wash. 361, 97 Pac. 239; *Ramey v. Smith*, 56 Wash. 604, 106 Pac. 160.

The judgment is affirmed.

CROW, CHADWICK, MORRIS, and ELLIS, JJ., concur.