[No. 3781.]

## The R. W. English Lumber Company v. Hireen.

1. Money Had and Received—*Where the Action Lies.* Where the party sought to be charged has actually received, or had the benefit of, money of the other, for which, in equity and good conscience, he ought to account, *e. g.,* where a corporation has actually received and appropriated money borrowed by its agent without authority.

2. Appeals — *Defective Pleadings — Amendment Presumed.* Where, upon proper application, in apt time, it would be the duty of the trial court to permit an amendment of the complaint to correspond with the proof, the complaint will, in the court of review, be treated as so amended.

*Appeal from Otero District Court.*   HON. J. E. RIZER,
    Judge.

Mr. GEORGE C. MANLY, for appellant.

Mr. O. G. HESS, for appellee.

*Per Curiam.*

This case has previously been before the supreme
court, *Hireen v. The R. W. English Lumber Company,* 42
Colo., 216, 104 Pac., 84. The case was carefully consid-
ered in the supreme court, and as the facts are there
clearly stated, a repetition is not required at our hands.
There appears to have been no new evidence offered on
the second trial, which resulted in the judgment from
which this appeal now before us was taken. The only
matter not common to both appeals grows out of the
amendment to the complaint which plaintiff, under per-
mission given by the supreme court, made prior to the
last trial. Some question was made on the former appeal
as to whether the complaint stated a cause of action for
money had and received, and while the court did not
hold the complaint defective in that respect, it permitted
the plaintiff to amend her complaint, if she desired so to
do. Pursuant to this permission, presumably, plaintiff
did amend her complaint by adding thereto a third cause
of action on which she attempted to state a cause of action
for money had and received, but which, instead of stating
the facts constituting her cause of action in plain and
concise language, as required by our code, conclusions
of law were stated, and, therefore, the complaint, per-
haps, failed to state a good cause of action under the
code; nor was it in common-law form a declaration for
money had and received. However, conceding this cause
of action was not well pleaded, its sufficiency was not
attacked by demurrer or by objection to the evidence on
the ground that the complaint did not state a cause of

action as for money had and received.   The evidence
shows beyond controversy that the plaintiff paid to the
defendant $500, taking a promissory note, under an
honest but mistaken belief that the note was executed by
an agent of the defendant authorized to borrow money
for the defendant and give its promise for payment; that
the money so paid to the defendant went into its bank
account and was checked out in the usual course of busi-
ness and so appropriated by it.   It was further shown
that the agent, although manager of the defendant's busi-
ness, exceeded his authority in borrowing the money and
giving defendant's note therefor.   Under these circum-
stances, it would be inequitable and unjust to permit the
defendant to enrich itself by retaining the money of the
plaintiff, paid to it by plaintiff under a mistake of fact.
Such has frequently been held to be the law, and suit for
money had and received maintained.—Keener, Quasi-
Contracts, pages 114-115.

In *Deery v. Hamilton*, 41 Ia., 18, it is said:

"The estate has received the benefit of the amount
which was advanced by defendant.   It ought, in good
conscience, to repay it with legal interest.   This is not
required because of the contract under which the money
was borrowed, which is invalid, but on the ground that
the estate has had the benefit of the money received from
defendant."

Our supreme court, when this case was before it,
held that to sustain an action for money had and received,
it is only necessary to show that the defendant has ob-
tained money which in equity and right it ought to
return.—*Hireen v. English Lumber Co., supra.*   That
announcement is in harmony with the authorities herein-
above cited, and having been announced by our supreme
court in the former consideration of this case, may well
be said to be the law of the case.   The evidence was
amply sufficient to support the verdict of the jury upon

a. proper plea of a cause of action for money had and received, and it would be an idle waste of time and of money, and wholly without advantage to appellant, to return the case to the trial court for further amendment, substantial justice having been done.—*Colorado Springs v. Allen,* 48 Colo., 4-8, 108 Pac., 990.

It has frequently been ruled that where, upon a proper application interposed in apt time, it would become the duty of the trial court to permit a complaint to be amended to correspond with the proof, it will be the duty of a court of review to treat the complaint as so amended. —*Merritt v. Hummer,* 21 Colo. App., 568, 122 Pac., 816; *Lang v. Crescent Coal Co.,* 44 Wash., 267, 87 Pac., 261.

*Judgment Affirmed.*