[No. 14527.    Department Two.    April 4, 1918.]

WESTERN ACADEMY OF BEAUX ARTS, *Respondent*, v. RALPH M. DE BIT, *Appellant*.[1]

INJUNCTION—WHEN LIES—TO RESTRAIN TRESPASS. Injunction lies to restrain trespass upon property of a corporation platted as a village and inclosed by fences and gates, where defendant threatened to continue his unlawful trespasses, which endangered the peace of the community and the lives of the owners.

SAME—TO RESTRAIN TRESPASS—SOLVENCY OF DEFENDANT. In such case it is unnecessary to allege that the defendant was insolvent.

SAME — CONDITION PRECEDENT — BONDS. It is error to grant a temporary injunction without bond, in view of Rem. Code, § 725, providing that no injunction or restraining order shall be granted until bond is given in such sum as the judge shall fix.

Appeal from an order of the superior court for King county, French, J., entered August 10, 1917, restraining entry upon lands, pending action to restrain trespass. Reversed.

*J. H. Templeton,* for appellant.
*Gay & Griffin,* for respondent.

HOLCOMB, J.—This action was prosecuted to enjoin appellant from entering upon the thoroughfares and wharf in a plat of ground located on Lake Washington, and known as Beaux Arts Village. An order was

[1]Reported in 171 Pac. 1036.

issued by the lower court July 20, 1917, requiring appellant to appear and show cause on a day appointed why he should not be restrained and enjoined from entering upon the thoroughfares and wharf of Beaux Arts Village, pending the trial of the case on the merits. Hearing was had on the show-cause order on August 9, 1917, and a demurrer by appellant to the complaint being overruled, upon considering the affidavits filed in behalf of the respective parties, the court granted a temporary restraining order as prayed for pending the final hearing of the action and until the further order of the court. The same order recited that appellant, deeming himself aggrieved, gives notice of intention to appeal to the supreme court and requests that a supersedeas bond be fixed and a stay of proceedings be had until the same may be perfected; and the court fixed the sum of $500 as the amount of the supersedeas bond and granted a stay of proceedings, for a period of forty-eight hours from three o'clock on August 9, 1917, to file the appeal and supersedeas bond, and that in case of failure so to do, the injunction order should be immediately in full force and effect; and that, if the appellant should thereafter fail to perfect his appeal and continue to be a trespasser, then he should be dealt with according to law as and for contempt. No bond of injunction was required.

Appellant assigns three errors: (1) That the court erred in overruling the demurrer; (2) that the court erred in granting a temporary restraining order or injunction *pendente lite;* (3) that the court erred in failing to require respondent to give a bond indemnifying appellant upon the issuing of the injunction.

The complaint showed that the respondent, a Washington corporation, is the owner of the tract of land platted into Beaux Arts Village. The land is sub-

divided into lots, with streets, alleys, parking strips, commons, and a wharf; around it had been built a high fence with gates. The corporation formed a society known as the Beaux Arts Village, and the members held land therein strictly in accordance with the grant of the deed, which was required to contain the following clause:

"The land herewith conveyed shall not at any time after the date hereof be sold, conveyed, leased, let, or sublet, or underlet, in whole or in part, to any person without written consent of the party of the first part."

It was alleged that appellant was unlawfully trespassing upon the property of the respondent; that he was threatening to so continue; that he was causing dissatisfaction and strife; was disrupting their social happiness; destroying their common well being; was a menace to the peace and dignity of the community; that he has an unsavory reputation for morals, peace and quiet, and is not tolerable or endurable; that his presence in the village is a danger and detriment to the same, depreciating its value as an ideal village; that he has assaulted certain persons and threatens to do so again; that he has used language calculated to cause a breach of the peace; that his behavior is belligerent, quarrelsome, and menacing, and that respondent fears that such conduct will culminate in serious acts endangering the peace of the community and the lives of its owners.

These allegations of continuing trespasses and threats and menaces to respondent and the inhabitants of the village were sufficient to warrant the issuance of an injunction if such facts were sufficiently proven. It is evident, therefore, that respondent would be damaged if the acts complained of were continued. *Silver v. Washington Inv. Co.*, 65 Wash. 541, 118 Pac. 748. It was not necessary to allege that appellant was in-

solvent. *Silver v. Washington Inv. Co., supra;* 14 R. C. L. 453; *Walker v. Stone,* 17 Wash. 578, 50 Pac. 488; *Sequim Canning Co. v. Bugge,* 49 Wash. 127, 94 Pac. 922:

The court, however, was without authority to grant a temporary restraining order without bonds. Section 725, Rem. Code, provides that "no injunction or restraining order shall be granted until the party asking it shall enter into a bond, in such a sum as shall be fixed by the court or judge granting the order, . . . conditioned to pay all damages and costs which may accrue by reason of the injunction or restraining order." Where a statute requires the giving of a bond as a condition precedent to the granting of an injunction, the court is not at liberty to disregard such statute, and it is error in such case to grant the injunction without the required bond. 2 High, Injunctions (4th ed.), § 1520; *Keeler v. White,* 10 Wash. 420, 38 Pac. 1134; *Cherry v. Western Washington Industrial Exp. Co.,* 11 Wash. 586, 40 Pac. 136; *Swope v. Seattle,* 35 Wash. 69, 76 Pac. 517.

The order was therefore invalid.

Reversed and remanded for further proceedings.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.