LECLANCHE BATTERY Co. *v.* WESTERN ELECTRIC Co.

*(Circuit Court, S. D. New York. March 27, 1885.)*

1. TRADE-MARK—NAME OF NEW ARTICLE—RIGHT TO USE OF.
   When an article is made that was theretofore unknown, it must be christened with a name by which it can be recognized and dealt in; and the name thus given to it becomes public property, and all who deal in the article have the right to designate it by the name by which alone it is recognizable.

2. SAME—NAME, WHEN NOT A TRADE-MARK.
   A name alone is not a trade-mark when it is applied to designate, not the article of a particular maker or seller, but the kind or description of thing sold.

3. SAME—IMITATION OF LABELS—INJUNCTION.
   Although the name applied by a complainant to his goods may not afford protection as a trade-mark, where others are guilty of imitating the labels used by him in making sales thereof, they will be enjoined.

In Equity.

*Dickerson & Dickerson,* for complainants.

*Geo. P. Barton,* for defendant.

WALLACE, J. The complainants cannot maintain their claim to the exclusive right to use either the word "Disque" or "Pile-Leclanche" as a trade-mark, when applied to the batteries manufactured and sold by them. As owners of the right to manufacture and sell the Leclanche batteries until the expiration of the patent granted to the

assignee of Leclanche, they have been accustomed to use the word "Disque" on the labels pasted on the glass jar which forms part of the battery, and the word "Pile-Leclanche" blown in the glass. Neither of these words are arbitrary names selected to denote the article as the production of a particular proprietor. They are appropriate, and are intended to indicate that the batteries are of a specified form, and are made according to the patent of Leclanche. "Disque" describes the form of the battery, and is used to distinguish it from the prism and other forms of porous-cup batteries. "Pile" is synonymous with battery, and "Pile-Leclanche" is the designation in French of Leclanche's battery.

When an article is made that was theretofore unknown, it must be christened with a name by which it can be recognized and dealt in; and the name thus given to it becomes public property, and all who deal in the article have the right to designate it by the name by which alone it is recognizable. *Hostetter* v. *Fries*, 17 FED. REP. 620; *Singer Manuf'g Co.* v. *Stanage*, 6 FED. REP. 279. As soon as Leclanche invented his battery in France, it was necessarily given the name "Pile-Leclanche," and that name could never again be appropriated exclusively as a trade-mark even by the inventor himself.

A name alone is not a trade-mark, when it is applied to designate, not the article of a particular maker or seller, but the kind or description of thing which is being sold. *Singer Manuf'g Co.* v. *Loog*, 15 Reporter, 538; *Wheeler & Wilson Manuf'g Co.* v. *Shakespear*, 39 Law J. Ch. 36; *Young* v. *Macrae*, 9 Jur. (N. S.) 322; *Canal Co.* v. *Clark*, 13 Wall. 311.

The defendants have imitated the label of the complainant to the minutest details, except the signature at the bottom. The complainant is entitled to protection against the unlawful competition in trade thus engendered by the simulation of its label; and upon this ground a decree is ordered in its favor.

See *Wilcox & Gibbs Sewing-Machine Co.* v. *The Gibbens Frame*, 17 FED. REP. 623; *Burton* v. *Stratton*, 12 FED. REP. 696, and note, 704, and *Shaw Stocking Co.* v. *Mack*, Id. 707, and note, 717.—[ED.