<hr />

[No. 4559.   Decided November 16, 1903.]

W. H. Woodcock, *Appellant*, v. G. O. Guy, *Respondent*.[1]

TRADE-MARKS — REGISTRATION — INFRINGEMENT — COMPLAINT.    A complaint for the infringement of a trade-mark which fails to allege that it was registered in accordance with Bal. Code, § 3621, must state a case for equitable relief at common law.

SAME—FRAUD NECESSARY AT COMMON LAW.    At common law a demurrer to a complaint to enjoin the infringement of plaintiff's trade-mark "Gargline" for a throat medicine, by defendant's use of "Gargeline" for the same purposes, is properly sustained where there is no allegation of fraudulent conduct, or that the same was

1Reported in 74 Pac. 358.

printed in a particular manner calculated to mislead the public, or that the public was deceived, or that the plaintiff sustained any damage.

SAME—NOTICE TO DISCONTINUE USE—INJUNCTION. Nor would such a complaint be sufficient to authorize an injunction without alleging the facts respecting service upon the defendant of notice to discontinue such infringement, and an allegation that such a letter was written to defendant without proof that it was received is insufficient.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 11, 1902, upon sustaining a demurrer to the complaint, dismissing an action for the infringement of a trade-mark. Affirmed.

*Stafford & Dawes,* for appellant. Injunctive relief against the infringement is given irrespective of any pecuniary damage. 3 Pomeroy, Equity Jurisp. § 1354; *Clark Thread Co. v. Wm. Clark Co.,* 55 N. J. Eq. 658, 37 Atl. 599; Browne, Trade-Marks, § 501 (2d ed.); *Hennessy v. Wilmerding-Loewe Co.,* 103 Fed. 96. The right of action rests upon the common law. *Trade-Mark Cases,* 100 U. S. 82; *Welsbach Light Co. v. Adam,* 107 Fed. 463. Registration is not necessary. *Shaver v. Shaver,* 54 Iowa 208, 6 N. W. 188; *Smith v. Walker,* 57 Mich. 456, 22 N. W. 267, 24 id. 830, 26 id. 783; *Small v. Sanders,* 118 Ind. 105, 20 N. E. 296. The right of action is fully established by showing a valid trade-mark and its infringement. *Mc Lean v. Fleming,* 96 U. S. 245; *Collins v. Ames etc. Corporation,* 20 Blatch. 542; *Hostetter v. Vowinkle,* 1 Dillon 329; *California Fig S. Co. v. Improved Fig S. Co.,* 51 Fed. 296; *Jennings v. Johnson,* 37 Fed. 364; *Weinstock etc. Co. v. Marks,* 109 Cal. 529, 42 Pac. 142, 50 Am. St. 57, 30 L. R. A. 182. It is not necessary to show fraud. *Davis v. Kendall,* 2 R. I. 566; *Partridge v. Menck,* 2 Barb. Ch. 101; *Hier v. Abrahams,* 82 N. Y. 519; *McLean v. Fleming, supra.* Fraudulent intent will be presumed from

the facts alleged. *Heinisch v. Boker,* 86 Fed. 767; *Societe Anonyme etc. v. Western Distilling Co.,* 43 Fed. 416; *Putnam Nail Co. v. Bennett,* 43 Fed. 800. It is not necessary that any one be deceived. *Fuller v. Huff,* 104 Fed. 141. When there is no dispute as to the facts, the court is to determine the question of infringement. *Hygeia Distilled Water Co. v. Hygeia Ice Co.,* 70 Conn. 516; *N. K. Fairbank Co. v. Lukel etc. Soap Co.,* 102 Fed. 327; *Welsbach Light Co. v. Adam, supra.* In the case of a coined word the infringement is always determined by the court. *Hier v. Abrahams, supra; Estes v. Leslie,* 29 Fed. 91; *Celluloid Mfg. Co. v. Cellonite Mfg. Co.,* 32 Fed. 94; *Leonard v. Whites Golden L. Co.,* 38 Fed. 922. The complaint in this case is sufficient. *Walton v. Crowley,* 3 Blatch. 440; *Moxie Nerve Food Co. v. Beach,* 33 Fed. 248; *Hostetter v. Vowinkle, supra.*

*Fred H. Peterson,* for respondent. The plaintiff should have alleged pecuniary damage. *Rand McNally & Co. v. Hartranft,* 29 Wash. 591, 70 Pac. 77; *Carson v. Ury,* 39 Fed. 777, 5 L. R. A. 614; *Gorham Mfg. Co. v. Emery etc. Co.,* 92 Fed. 774. There should be notice and a request to desist, before an injunction will issue. *McLean v. Fleming,* 96 U. S. 245; Browne, Trade-Marks, § 43 (2d ed.); *Simmons Med. Co. v. Mansfield Drug Co.* 93 Tenn. 84, 23 S. W. 165. There can be no trade-mark in the mere name "Gargline". *Caswell v. Davis,* 58 N. Y. 223; *Manufacturing Co. v. Trainer,* 101 U. S. 51; *Canal Co. v. Clark,* 13 Wall. 311; *Carson v. Ury, supra. Coats v. Holbrook,* 2 Sanf. Ch. (N. Y.) 599; *Cigar Makers etc. Union v. Conhaim,* 40 Minn. 243, 41 N. W. 943; *Brown Chemical Co. v. Meyer,* 31 Fed. 453; *S. C.,* 139 U. S. 540, 11 Sup. Ct. 625; *Falkinburg v. Lucy,* 35 Cal. 52, 95 Am. Dec. 76; *Schmidt v. Brieg,* 100 Cal. 672, 35 Pac. 623;

*Royal Baking Powder Co. v. Davis,* 26 Fed. 293; *Rumford Chemical Works v. Muth,* 35 Fed. 524, 1 L. R. A. 44; *Taylor v. Gillies,* 59 N. Y. 331, 17 Am. Rep. 333; *Leclanche Battery Co. v. Western Electric Co.,* 23 Fed. 276; *Wilcox Sewing Machine Co. v. The Gibbon's Frame,* 17 Fed. 623; *Lamont v. Leedy,* 88 Fed. 72; *Goodyear's India Rubber etc. Co. v. Goodyear Rubber Co.,* 128 U. S. 598, 9 Sup. Ct. 166; *In re Meyerstein's Trade-Mark,* 43 Ch. Div. 604; *Burton v. Stratton,* 12 Fed. 150; *Colgan v. Danheiser,* 35 Fed. 150; *Hier v. Abrahams,* 82 N. Y. 519; *Putnam Nail Co. v. Bennett,* 43 Fed. 800.

PER CURIAM. — Appellant, W. H. Woodcock, commenced this action in the superior court of King county against respondent, G. O. Guy, praying injunctive relief against the infringement of an alleged trade-mark by respondent, and for an accounting of profits. The respondent interposed a general demurrer to the complaint, which was sustained by the trial court. The appellant elected to stand on his pleading, and the court dismissed the action with costs against appellant, who appeals to this court. There is but one assignment of error—that "the court erred in sustaining the demurrer." Omitting name of court and title of cause, the complaint is as follows:

"The plaintiff complains and alleges:    (1) That more than twenty years ago the plaintiff coined and adopted the word 'Gargline' as a symbol and trade-mark for a medicinal preparation devised and compounded by him as a remedy for sore throat, tonsilitis and other affections of the mouth, gums and throat.    (2) That for more than twenty years last past the plaintiff has constantly used, and still uses, said coined word 'Gargline' to distinguish and identify his said medical preparation.    (3) That, through all the years since said coining and adopting of said trademark, the plaintiff has expended money in advertising the

medicinal remedy designated thereby, and has used various other means to make the merits thereof known to the public. (4) That, as a result of said advertising and other efforts by the plaintiff, his said medicinal preparation has become extensively and favorably known to the public under the name of said coined word 'Gargline,' securing to the plaintiff a large sale thereof. (5) That some time about two years ago, in the city of Seattle, the defendant began using the word 'Gargeline' to designate a medicinal preparation compounded and sold by him designed and alleged to be a remedy for the same ailments for which plaintiff's 'Gargline' is and has long been known as an effective remedy. (6) That as soon as plaintiff learned of the defendant's said use of the word 'Gargeline,' plaintiff procured his lawyers to write a letter to defendant notifying him of plaintiff's trade-mark in the word 'Gargline' and requested him to discontinue using the word 'Gargeline' on the ground that it infringed plaintiff's said trade-mark. (7) That immediately thereafter defendant ceased to exhibit conspicuously in his place of business in Seattle bottles containing his said medicinal preparation designated 'Gargeline,' and plaintiff was thereby led to believe, and did believe, that defendant had heeded said notice written him by plaintiff's lawyers and had ceased using said word 'Gargeline' to designate a medicinal preparation compounded by him. (8) That plaintiff has recently learned that defendant is still selling his said medicinal preparation under the designation 'Gargeline.' (9) That defendant's said use of the word 'Gargeline' is an infringement of plaintiff's trade-mark in the word 'Gargline.'

"Wherefore plaintiff prays for a decree of this court enjoining and restraining the defendant from using the word 'Gargeline' to designate a medicinal preparation, ordering the defendant to account for all profits made by him from the sale of a medicinal preparation designated 'Gargeline,' and for judgment in favor of plaintiff and against the defendant for the amount of such profits and the plaintiff's costs of this action."

There is no averment in the complaint that the appellant at any time procured his alleged trade-mark to be registered in accordance with our statutory provisions. Bal. Code, § 3621, *et seq.* Therefore, the sufficiency of the complaint must be tested by the rules of the common law and the principles governing equitable relief in such cases. The right of the proprietor of a trade-mark to its exclusive use has long been recognized by the courts of England and the United States. *Shaver v. Shaver,* 54 Iowa 208, 6 N. W. 188, 37 Am. Rep. 194. The general rule adopted by the courts on this subject is, that state statutes providing for registration of trade-marks are in affirmance of the common law; that the remedies given by such statutes are either declaratory of, or are cumulative and additional to, those recognized and applied by the common law. *Derringer v. Plate,* 29 Cal. 292, 87 Am. Dec. 170; *Trade-Mark Cases,* 100 U. S. 82, 25 L. Ed. 550; 21 Enc. of Plead. & Prac. 752, 753.

The rule with reference to the granting of injunctive relief for the protection of trade-marks is thus expressed by a learned author:

"The jurisdiction rests upon fraud on the part of defendant, and upon the principle that equity will not allow one to sell his own goods under the pretense that they are the goods of another." High on Injunctions, § 1068 (3d ed.).

In *McLean v. Fleming,* 96 U. S. 245, 24 L. Ed. 828, the principle is stated in this language: "Nor is it necessary, in order to give a right to an injunction, that a specific trade-mark should be infringed; but it is sufficient that the court is satisfied that there was an intent on the part of the respondent to palm off his goods as the goods of the complainant, and that he persists in so doing after being requested to desist." This proposition of law is

quoted with approval by Browne, Trade-Marks (2d ed.), § 43. *McLean v. Fleming, supra,* is also authority on the proposition that a party may have the right to use his own name as a trade-mark as against a trader or dealer of a different name; but, according to the weight of authority,

"Such a party is not, in general, entitled to the exclusive use of a name, merely as such, without more. . . . Nor will any other name, merely as such, confer any such exclusive right, unless the name is printed in some particular manner in a label of some peculiar characteristics, so that it becomes to some extent identified with a particular kind of goods, or when the name is used by the party, in connection with his place of business, in such a manner that it assumes the character of a trade-mark within the legal meaning of that term, and as such entitles the party to the protection of a court of equity, to prevent others from infringing the proprietor's exclusive right."

See, also, *Coats v. Merrick Thread Company.* 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847. "The general rule is against the appropriating mere words as a trade-mark." *Hygeia Distilled Water Co. v. Hygeia Ice Co.,* 72 Conn. 646, 45 Atl. 957, 49 L. R. A. 147, and authorities cited; *Caswell v. Davis,* 58 N. Y. 223, 17 Am. Rep. 233.

Appellant contends that it was not necessary for him to allege fraud against respondent in the appropriation of his trade-mark. In support of his contentions on various phases of his case he has cited *Hier v. Abrahams,* 82 N. Y. 519, 37 Am. Rep. 589, in his printed brief, several times. That action was brought to restrain defendants from infringing upon plaintiffs' alleged right to use the word "Pride" as a trade-mark, and for damages, etc. It does not appear whether the plaintiffs had registered their trade-mark. The trial court found as facts that the defendants, well knowing the prior adoption of plaintiffs'

trade-mark, used the same word "Pride" in the manufacture and sale of the same goods (cigars) at the same city, putting that word upon the labels and boxes of cigars of the defendants, thereby deceiving the public, and that plaintiffs were damaged. The court of appeals in that state declared the law as applied to such facts to be as follows:

"An actual intent to defraud can hardly be deemed necessary to entitle the plaintiffs to restrain the defendants from continuing the unlawful use of the plaintiffs' trademark whereby the plaintiffs are sustaining damage. The defendants cannot justly contend that they are entitled to continue to injure the plaintiffs' business by acts which are in violation of their legal rights, on the ground that they do not intend to defraud them."

The facts developed in that case plainly demonstrated that the defendants had knowingly invaded plaintiffs' rights, caused them damage, and "would justify an intendment, if one were necessary, that they [defendants] did so with the intent to defraud." In the case at bar, the appellant fails to allege any fraudulent conduct on the part of respondent in palming off his medicinal preparation "Gargeline" on the public as appellant's goods, or that he has suffered any injury or damage by reason of respondent having manufactured and sold his preparation, or that the public was, or is liable to be, deceived by reason of respondent's acts in the manufacture and sale of the medicinal compound "Gargeline". Appellant simply asks to be protected in the exclusive use of a word "Gargline", which he claims to have coined and adopted as a symbol and trade-mark for a medicinal preparation, compounded by him for certain ailments of the mouth, gums, and throat. "A name alone is not a trade-mark, when it is applied to designate, not the article of a particular maker or seller, but the kind or description of thing which is be-

ing sold."' *Leclanche Battery Co. v. Western Electric Co.,*
23 Fed. 277.   The court held in that case that the com-
plainants were entitled to relief against defendants, not
in using a word or words, simply, but in imitating the
labels of complainants. *Canal Company v. Clark* 13 Wall.
311, 20 L. Ed. 581; *In re Meyerstein's Trade-Mark,* 43
Ch. Div. 604; Paul, Trade-Marks, § 66; *Goodyear's In-
dia Rubber Glove Mfg. Co. v. Goodyear Rubber Co.,* 128
U. S. 598, 9 Sup. Ct. 166, 32 L. Ed. 535.

Moreover, the complaint fails to show that respondent
used the alleged trade-mark by stamps, labels, or otherwise,
so like those used by appellant as to represent to the pub-
lic that the goods of the former were, or are, those of the
appellant, or that his use of the word was fraudulent in
any manner.   Of course, when the facts are sufficiently
alleged in a pleading to show fraud, the courts will apply
the law and grant the complaining party relief in all
proper cases, but such conclusions cannot be based on mere
hints or suggestions. *Andrews v. King County,* 1 Wash.
46, 23 Pac. 409, 22 Am. St. 136; *Rathbone v. Frost,* 9
Wash. 162 Pac. 298; 9 Enc. Plead. & Prac. 694.

The allegation of notice to respondent is not by direct
statement, but by way of recital and indirection.   Appel-
lant does not allege in his complaint that respondent ever
received the notice that he procured his lawyers to write,
or whether the notice was served personally, or sent
through the mails, or otherwise.   An injunction is a harsh
remedy.   As a general proposition, in equity jurisprudence,
it is enunciated by law writers and courts that a party seek-
ing injunctive relief should allege in his pleading the facts
upon which he bases his right to that particular remedy,
in positive language.   1 High, Injunctions (3d ed.), § 34.

We have examined the authorities of appellant, with reference to the prior adoption and long continued use of a trade-name by the complaining party, when such name has been simulated by the defendant in the manufacture or sale of the goods of the same kind or quality as those of the complainant. The courts have held in cases of unfair competition that, when the words were descriptive of quality, yet if they were used in such a manner as calculated to deceive the public, it is not necessary for the complainant to show that purchasers have actually been deceived, to entitle him to relief. The case of *Fuller v. Huff*, 104 Fed. 141, 43 C. C. A. 453, 51 L. R. A. 332, doubtless goes to the full limit of the law as applied to such cases. It appeared from the statement of the facts in the opinion of the court, that the complainant remonstrated with the defendants against the use of the words, "Health Food Company," in exhibiting their goods at or near complainants stand; that the food business of defendant company was extensively advertised under that name. The court held that a case of unfair competition was established in the unlawful use of a trade-name, and granted the complainant relief. In the case at bar the appellant has failed to state sufficiently the facts in his complaint upon which any such contention can be predicated.

Testing the complaint by these rules of law, we reach the conclusion that the judgment of the superior court in this case should be affirmed, and it is so ordered.