[No. 4832. Decided July 26, 1904.]

REBECCA JONES, *Appellant,* v. P. B. M. MILLER *et al.,* *Respondents.*[1]

ABATEMENT—ACTIONS— INJURY TO PERSON — DEATH—SURVIVAL. Bal. Code, § 5695, read in connection with other parts of the act, was not intended to provide that "all other causes of action" survive to the personal representatives, but relates only to causes of action which the law had provided should survive; hence an action by a widow to recover damages for the mutilation of the body of her deceased husband, being an injury to the person, abates upon her death.

SAME — APPEAL — ABATEMENT BY DEATH—COSTS—DISMISSAL. Where the cause of action abates by the death of the party, the executor cannot be substituted and the cause retained on appeal for the purpose of determining the question of costs.

SAME—SUBSTITUTION OF PARTY ON APPEAL. Where a cause of action abates by the death of a party, an executor cannot be substituted for the purpose of continuing the action in his individual interest affected by the same wrong.

Motion to substitute party, and counter motion to dismiss an appeal from a judgment of the superior court for

[1]Reported in 77 Pac. 811.

King county, Albertson, J., entered July 21, 1903, upon granting a nonsuit. Action dismissed.

*G. Ward Kemp,* for appellant.

*Fred H. Peterson* and *Norwood W. Brockett,* for respondents.

FULLERTON, C. J.—Rebecca Jones, the appellant above named, brought this action to recover damages for the alleged unlawful mutilation and dishonor of the body of her deceased husband. The mutilation and dishonor complained of consisted of an incision made in the abdominal cavity, sufficient to explore the stomach and other digestive organs, by the respondents Miller and Ross, for the purpose of ascertaining the cause of death. The body was, at the time, in the custody and charge of the respondents Butterworth & Sons. As the grounds of her injury, the appellant alleged that, upon learning the facts and viewing the "body so cut, mutilated and dishonored" she "was most greviously distressed, mortified and humiliated, and received a severe nervous shock, and suffered great mental pain and distress, and has ever since grieved and suffered humiliation and mental pain and distress, and . . . has been damaged in the sum of five thousand dolars." On the trial the appellant was nonsuited on the motion of the respondents, on the ground that she had failed to prove a sufficient cause for the jury. From the judgment following the order of nonsuit, this appeal was taken.

After the appeal had been perfected, and the cause argued and submitted in this court, Mrs. Jones died, leaving a will in which she named her eldest son, William J. Jones, as her executor. The executor named duly qualified as such, and thereafter moved this court to be substituted as plaintiff and appellant, with leave to continue the prose-

cution of the action in his own name. The respondents oppose the motion, and move to dismiss the appeal on the ground that the action is not one that survives to heirs or personal representatives. These motions present the questions to be determined.

At common law an action for an injury to the person, such as the one in question here, abated on the death of the person injured, and could not thereafter be revived by his heirs or personal representatives. The executor does not seriously question the correctness of this proposition, but contends that the action survives by virtue of section 5695 of the Code (Ballinger's), which provides: "All other causes of action [than those enumerated in section 4828 *supra*] by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. . . ." When we read this section as if it stood alone, and apart from its context, it doubtless bears the construction put upon it, but we held in *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948, that it had no such meaning. There we said that the legislature, when it enacted this section, was legislating with reference to causes of action which had already survived, and was not attempting to announce what causes of action should survive; and, further, that if the contrary contention were correct, there was no limit whatever to causes which would survive the death of the person injured; "for causes of action for assault, slander, and for other purely personal causes, would survive; and this would be so wide a departure from the established rule that the legislature would hardly be deemed to have intended it without plainly expressing such intention." That this is the correct construction of the statute is made clear by reading it in connection with the act of which it formed a part

when originally enacted, and being so, it does not warrant the holding that causes of action, such as the one at bar, survive to heirs and personal representatives.

It is insisted, however, that the executor is entitled to be substituted, and to a decision on the merits of the controversy, for the purpose of determining who is entitled to costs; but such is not the rule.     Where there is no longer a controversy between the parties, or the right of action has ceased to exist, the action will be dismissed by the court, even though it may leave the question of costs undetermined. *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *State ex rel. Coiner v. Wickersham,* 16 Wash. 161, 47 Pac. 421; *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370; *Watson v. Merkle,* 21 Wash. 635, 59 Pac. 484; *State ex rel. Taylor v. Cummings,* 27 Wash. 316, 67 Pac. 565.

The last contention, viz., that the executor has a right to be substituted individually as the son of the person mutilated, and proceed in this action to recover damages for his own sufferings caused by the mutilation, is without merit. If he has any cause of action as an individual, his remedy is to prosecute it first in the court of original jurisdiction; he cannot commence such an action in this court.

The respondents are entitled to a dismissal of the action, and the order will go to that effect.

MOUNT, J., HADLEY, ANDERS, and DUNBAR, JJ., concur.