[No. 5572. Decided April 12, 1905.]

ANDREW SMITH, *Appellant,* v. H. J. PALMER, *et al., Respondents.*[1]

APPEAL—DISMISSAL—COSTS—RETAXATION—APPEALABLE ORDERS—AFFECTING SUBSTANTIAL RIGHTS. An appeal from an order of the superior court retaxing the costs will be dismissed, regardless of the nature of the action, since the supreme court will not entertain jurisdiction of an appeal for the sole purpose of determining a question of costs, and the order does not affect a substantial right after judgment within the purview of the statute.

Appeal from an order of the superior court for Chehalis county, Irwin, J., entered January 2, 1905, retaxing the costs in favor of the defendants, after a trial, verdict and judgment in favor of the plaintiff. Appeal dismissed.

*J. A. Hutcheson,* for appellant.

*W. H. Abel,* for respondents.

[1]Reported in 80 Pac. 460.

Rudkin, J.—The plaintiff brought an action against the defendants, before one of the justices of the peace of Chehalis county, to recover the sum of $45, for services performed by the plaintiff in the construction and repair of a barn for the defendants, at their special instance and request. The answer denied the material allegations of the complaint, and set up a counterclaim in favor of the defendants, in the sum of $500, for damages arising out of the transaction set forth in the complaint. The case was tried before a jury, and resulted in a verdict in the sum of $35, in favor of the plaintiff, upon which a judgment was rendered. The defendants appealed therefrom to the superior court of Chehalis county. The cause was there retried before a jury, and resulted in a verdict in the sum of $22, in favor of the plaintiff, upon which a judgment was rendered, and the costs in the superior court were taxed in favor of the plaintiff. Thereafter a motion was made to retax the costs, and the court being of opinion that the defendants recovered a more favorable judgment on the appeal, made an order retaxing the costs, refused to allow the plaintiff to recover his costs in the superior court, and awarded costs in that court to the defendants. From this order retaxing the costs, the plaintiff appeals.

The respondents move to dismiss the appeal on the ground that this court has no jurisdiction. In support of the jurisdiction, it is claimed, (1) that this court has jurisdiction because the counterclaim in the answer involved more than $200, and (2) because the validity of a statute is involved. Inasmuch as the appeal must be dismissed on other grounds, we will not consider or pass upon these questions. The only question involved on the appeal is the question who shall pay or recover costs in the court below. This court has uniformly held that it will not entertain jurisdiction of an appeal for the sole purpose of

determining a question of costs, regardless of the nature of the action in which the question may arise. *State ex rel. Scottish-Am. Mtg. Co. v. Meacham,* 17 Wash. 429, 50 Pac. 52; *State ex rel. Land v. Christopher,* 32 Wash. 59, 72 Pac. 709; *Lamona v. Odessa State Bank,* 35 Wash. 113, 76 Pac. 534; *Jones v. Miller,* 35 Wash. 499, 77 Pac. 811.

Our statute permits an appeal from a final order made after judgment which affects a substantial right. The right to recover costs is not a substantial right, within the purview of this statute. The costs are a mere incident to . the action out of which they arise, and are not, of themselves, a subject-matter for controversy. The rule that the court will not determine a mere question of costs between the parties probably originated when costs were far less burdensome than they are at the present day, but the rule is nevertheless firmly established.

The appeal is therefore dismissed.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, and CROW, JJ., concur.