[No. 10189. Department One. February 8, 1913.]

JOSEPH S. WHITE, *Plaintiff and Appellant*, v. DON A. STOUT *et al.*, *Defendants and Respondents.*[1]

APPEAL—DECISIONS REVIEWABLE—COSTS—RETAXATION. An order refusing to retax costs is not appealable.

EMINENT DOMAIN—PROCEEDINGS — SEPARATE ACTIONS—NECESSITY. In an action to quiet title, to restrain a trespass, and to enjoin the use of irrigating ditches across the plaintiff's land, the defendant having the right to condemn a right of way for irrigation, may set up the same by way of defense to plaintiff's demand for an injunction, and have the damages ascertained without resorting to a separate condemnation proceeding.

SAME—PROCEEDINGS—DAMAGES—RIGHT TO JURY TRIAL — DEMAND. In such a case, plaintiff cannot allege error in that he was deprived of a jury trial to ascertain his damages for the condemnation, where he did not demand a jury trial, in view of his election to proceed in equity for an injunction instead of at law in ejectment.

SAME—PROCEEDINGS—DECREE—PAYMENT OF AWARD AND COSTS BEFORE TAKING. A suit for an injunction to prevent the use of irrigation ditches, in which the defendant set up as a defense his right to condemn, and plaintiff's damages therefor were awarded, with plaintiff's costs of suit, plaintiff cannot object that a decree enjoining the plaintiff from interfering with the ditches, upon defendant's paying the damages into court, authorized the taking without prior payment of the damages, including costs, in view of the rule that the compensation must be first paid into court and includes the costs, which defendant concedes must be paid prior to decree of appropriation.

Cross-appeals from a judgment of the superior court for Okanogan county, Neal, J., entered July 14, 1911, upon find-

[1]Reported in 129 Pac. 917.

ings.in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to quiet title
and to enjoin a trespass.   Affirmed.

*Smith & Gresham,* for appellant.

*William C. Brown,* for respondents.


MOUNT, J.—The plaintiff brought this action to quiet
title and to restrain the defendants from trespassing upon
certain lands owned by the plaintiff, and for damages be-
cause of alleged trespass.   The defendants, in answer to the
complaint, admitted ownership of the lands by the plaintiff,
but denied all the other allegations relating to trespass and
damage; then, by way of affirmative defense, alleged owner-
ship of certain lands adjoining the plaintiff's; that these
lands were irrigable lands situated on, and riparian to,
Chiliwist creek, which flows across the same; that plaintiff's
lands were above the defendants' lands, and that, in order
to secure water from said creek, it was necessary to carry
the same across defendants' lands; that while the title to the
lands now owned by both plaintiff and defendants was in
the United States, the plaintiff, in the year 1900, permitted
the defendants to construct a ditch across his land and carry
water therein to the defendants' lands; that plaintiff stood
by and permitted defendants to spend a large amount of
money constructing said ditch; that defendants have ever
since used this ditch upon plaintiff's lands (this ditch is
known in the record as "Ditch line B"); that in the year
1905, in consideration of certain improvements made by de-
fendants upon plaintiff's lands, plaintiff permitted the de-
fendants to construct another ditch across plaintiff's lands.
This ditch is known as "Ditch line A."   For a second affirma-
tive defense and by way of cross-complaint, the defendants
alleged necessity for the ditches for irrigation and for rights
of way across plaintiff's lands, and asked the court to de-
termine what damages the plaintiff should recover therefor.

The third affirmative defense was a claim of adverse user of said lands. The prayer of the answer was as follows:

"(1)    That the plaintiff take nothing by this action.

"(2)    That in case the court determines that the defendants have not a perfected right of way and easement for said ditches, or either of them, that the court then ascertain the amount of plaintiff's damages as and for a right of way for. said ditches or either of them and decree upon the payment of said damages that defendants be and are the owners of said ditches and rights of way therefor, as the same are now laid out, or in case the court determines that the defendants are the owners of said ditches and rights of way therefor, but that the plaintiff is entitled to pay for the land used and occupied by the same, that the court proceed to ascertain the amount of such damages and give judgment for the same.

"(3)    That the plaintiff be temporarily enjoined from interfering with said ditches and with defendants' use and enjoyment thereof until the final determination of this action.

"(4)    That upon the final determination of this action the plaintiff be perpetually enjoined from interfering with said ditches and defendants' use and enjoyment thereof."

The reply was, in substance, a general denial of the affirmative defenses. Upon the trial of the case without a jury, the court concluded that the prior use of plaintiff's land by defendants was a permissive use or license which could be revoked at any time, and which license had been revoked, but found the value of the land necessary to be taken for each ditch, and the damage to the remainder by reason of the taking. The decree provided for different amounts, depending upon the defendants constructing an open ditch or an underground pipe line. The decree recited:

"And it is further ordered and adjudged that unless defendants choose to so elect within thirty days after the date of the rendition of this decree and pay into this court for the plaintiff the sum or sums of money hereby awarded plaintiff as damages, that the defendants be enjoined from the use of said ditch lines, but upon an election being made under the terms of this decree by the defendants, and the money

awarded as damages being paid into court for the plaintiff, then the plaintiff shall be perpetually enjoined from interfering with the defendants in maintaining, using and operating said ditches or either of them, and upon the acceptance of such damages by plaintiff for either or both of said ditch lines, then a supplemental decree shall be rendered and entered decreeing and adjudging the defendants to be the owners of such ditch line or ditch lines, and that the plaintiff be perpetually enjoined from interfering with defendants in using, maintaining and operating a ditch or canal along and across the course of either or both of said lines in accordance with the election made by the defendants, and upon the said damages being paid and an acceptance thereof consummated by plaintiff."

Within the thirty days, the defendants filed a declaration abandoning ditch line A, but accepting ditch line B, and paid into court $239.75, being the value of the land taken as found by the court and the damages to the remainder of the land for ditch line B as an open ditch. Thereafter the plaintiff filed a cost bill amounting to $694.25, which defendants moved to retax. The trial court struck out one item of $10.60, but refused to further retax costs. The plaintiff has appealed from the decree upon the merits, while the defendants have appealed from the refusal to retax costs.

The defendants' appeal must be dismissed under the rule of *Smith v. Palmer*, 38 Wash. 276, 80 Pac. 460. The plaintiff contends that, because the trial court determined that the prior use of plaintiff's land for the two irrigation ditches was merely a permissive use, and because defendants had no other right to maintain ditches upon the plaintiff's land, therefore the court should have granted an injunction as prayed for in the complaint, but might have suspended this injunction order for a reasonable time to give the defendants an opportunity to condemn a right of way if they desire to do so across the plaintiff's land. In support of this position, the plaintiff relies upon the rule as stated in *Atkinson v. Washington Irr. Co.*, 44 Wash. 75, 86 Pac. 1123, 120 Am.

St. 978, and *Lund v. Idaho & Wash. N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916. In those cases the injunctional order was made and stayed as requested by the plaintiff in this case, but in those cases there were no demands for condemnation in the answer as there was in this case. If the defendants in this case were wrongfully using the plaintiff's land and had no defense to injunctive relief, such relief would no doubt be granted; but where it appears by the answer, as it does in this case, that the defendants desired to acquire the right to remain in possession, or where it appears during the trial that the defendants may acquire that right, injunctive relief will not be given, provided the defendant seeks his remedy in condemnation. In the cases above cited and relied upon, the injunctional remedy was suspended in order to give the defendants an opportunity to exercise the right of eminent domain, which they were entitled to do. The bringing of an action to condemn within the fixed time suspended the injunctional order indefinitely, so that the remedy became of no effect when the judgment in condemnation was entered. In short, the condemnation of the plaintiff's land was a defense to the plaintiff's action to quiet title and to restrain the defendants from using the land. There can be no doubt of the defendants' right to condemn a right of way for irrigation over the plaintiff's lands. *State ex rel. Galbraith v. Superior Court*, 59 Wash. 621, 110 Pac. 429, 140 Am. St. 893. It was proper, therefore, in this case to allege the right to condemn and have the damages fixed, as a defense to the plaintiff's demand for injunction.

The plaintiff argues that he was thereby deprived of the right to a jury trial. No jury was demanded in this case, and if one had been demanded, it was within the discretion of the trial court to grant such demand. The plaintiff selected his remedy by bringing his action in equity demanding equitable relief. Equitable rules therefore applied to the future procedure. The plaintiff might have brought a law action in ejectment and demanded a jury trial, but not hav-

ing done so, he cannot be heard to complain that the action was tried according to rules of his own selection.

Plaintiff argues that the court erroneously authorized the defendants to take the land, by paying the value thereof together with the damages caused to the remainder of the land, without paying the costs of the action to condemn. The decree in this case cannot be construed as permitting the taking without the payment of costs, in view of the rule that compensation shall first be made and paid into court and that such compensation includes the costs in the superior court, as held in *Kitsap County v. Melker*, 52 Wash. 49, 100 Pac. 150, and cases there cited. The defendants concede that the costs must be paid prior to the decree of appropriation.

It is also argued that the decree is uncertain because it provides for relief in the alternative, and because the ditch line is not definitely located. There is no merit in either of these points. The decree is clear and definite. The line of the ditch in question is definitely fixed. It is already constructed, so that there can be no question as to its exact location. We find no error.

The judgment is therefore affirmed, without costs to either party in this court.

CROW, C. J., GOSE, CHADWICK, and PARKER, JJ., concur.