[No. 11719. Department One. June 6, 1914.]

BARBER ASPHALT PAVING COMPANY, *Appellant*, v.
M. L. HAMILTON *et al.*, *Respondents*.[1]

APPEAL—DECISIONS REVIEWABLE—CESSATION OF CONTROVERSY. An appeal from the dismissal of an action to restrain the county commissioners from re-letting a contract for highway construction, and from interfering with the plaintiff in the performance of a contract let to it for the same work, will be dismissed on account of cessation of the controversy, where, pending the appeal, it is made to appear by uncontroverted affidavits that the contract has already been relet to another, who is performing and had approximately completed the work.

INJUNCTION—BREACH OF CONTRACT—DAMAGES — PLEADINGS — ISSUES. An action to enjoin the county commissioners from re-letting a contract for state highway work, under 3 Rem. & Bal. Code, § 5879-1 *et seq.*, and from interfering with the plaintiff in the performance of a contract let to it for the same work, does not state a·cause of action for damages, where neither the county nor state was made a party, and there was no allegation of the incurring of expense or of possible profits in the performance of plaintiff's contract; and mere uncertainty in the measure of damages is not ground for maintaining an action to restrain a breach of contract.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 24, 1913, dismissing an action for an injunction, after a trial on the merits to the court. Appeal dismissed.

[1]Reported in 141 Pac. 199.

*William H. Pratt, Peters & Powell,* and *Marion Edwards,* for appellant.

*John F. Murphy* and *Samuel Morrison* (*W. H. White,* of counsel), for respondents.

ELLIS, J.—This is an action for an injunction to restrain the breach of a contract, claimed to have been let to the plaintiff by the defendants for the construction of a permanent highway, under the provisions of the permanent highway act, chapter 35, Laws of 1911, page 118 *et seq.*, as amended by chapter 154, Laws of 1913, page 484 *et seq.*, the act as amended being found in 3 Rem. & Bal. Code, §§ 5879-1 to 5879-19, inclusive. On an *ex parte* application, a temporary restraining order and order to show cause was entered. The show cause order was heard upon the complaint of the plaintiff, the answers and affidavits of the defendants, two supplemental answers, and the reply.

It is admitted that the defendants, as commissioners of King county, passed the necessary resolution and caused to be prepared plans and specifications for the improvement of permanent highway No. 4, in King county, 6.13 miles in length; that these preliminary proceedings received the approval of the state highway commissioner, as required by the law; that the defendants advertised for bids for the work; that the plaintiff and others submitted bids pursuant to such advertisement, and that the defendant commissioners, by a majority vote, accepted the offer of the plaintiff as being the lowest responsible bid for the work; that, pursuant to such award, the plaintiff executed a contract in the form prescribed in such cases, and filed the contract so executed with the clerk of the board, together with a sufficient surety bond for $141,177, the full amount of the contract, and a like bond for $30,650, conditioned for the maintenance of the paving for a period of five years, in compliance with the award; that the defendants have since ignored this award and have refused to execute any contract with the plaintiff, and it is al-

leged that they will prevent the plaintiff from performing any work upon the highway unless restained from so doing. These things, which are alleged in the complaint, are admitted by the answer.

The plaintiff further charged that the defendants were about to permit a reduction of the bid of an unsuccessful competitor of the plaintiff and award a contract upon such reduced bid. The defendants deny that they intend to accept any of the bids made under the first advertisement, and aver that they will not let any contract except in pursuance of bids to be called for under a new advertisement. As an affirmative defense, the defendants pleaded, in substance, that the bid of the plaintiff was for the paving of four miles of the highway with a patented compound called "Warrenite," and the remainder with vitrified brick; that the bid was inseparable, and while the cost of the part to be laid in brick under the plaintiff's bid was in excess of other bids, the plaintiff's bid for the entire work was the lowest bid. It is further averred that the defendants, upon investigation since the award, have become satisfied that Warrenite is not sufficiently durable to be suitable paving material on this permanent highway. It is also alleged that the price of 52 cents a square foot to be paid under the plaintiff's bid is more than 100 per cent greater than a fair, just and reasonable price, and that the use of a patented material for the road is, in any event, unlawful. Finally, it is averred that King county is the real party in interest, and a necessary defendant, and that the plaintiff has a plain, speedy and adequate remedy at law for damages, if it suffer any, on account of the past and contemplated acts of the defendant in the matter of improving the highway. Before the hearing, a supplemental answer was filed to the effect that the certified check accompanying the plaintiff's bid had been returned to, and accepted by the plaintiff; that the commissioners had reconsidered their action in accepting the plaintiff's bid, and had revoked, annulled and set aside the award to the plaintiff, and so noti-

fied the plaintiff, and that the commissioners had rejected all bids and re-advertised for the letting of a contract for the improvement, with brick surfacing and a concrete foundation.

The plaintiff, replying to the answer and supplemental answer, denied that the use of the patented article, Warrenite, would be unlawful, denied that the price was excessive, denied that it is wanting in durability or fitness for the contemplated use, and reiterated the claim that an action at law for damages would not afford adequate relief. At the hearing, the defendants orally pleaded a second supplemental answer to the effect that they had re-advertised for bids for surfacing and pavement with brick; that bids were received pursuant to the advertisement; that the bid of one Andrew Peterson had been accepted by the defendants; that a contract had been entered into with Peterson for the work; that Peterson had filed the necessary bonds in connection with the contract; that the bonds were approved, and that the contractor, Peterson, had entered upon the performance of the contract and "that contract today is approximately performed."

To this, the second supplemental answer, the plaintiff orally replied, denying sufficient knowledge or information of the things alleged to form a belief. On the trial, no evidence was offered save a written stipulation by the owners of the Warrenite patent, which it is admitted was filed before any bids were let, to the effect that they would furnish the necessary Warrenite to King county, or to any successful bidder, at the rate of 52 cents a square foot. At the final hearing, upon the statement of the case to the court, and the introduction of this agreement, it appearing that the check which accompanied the plaintiff's bid had been returned to, and accepted by, the plaintiff, the defendants moved that the action be dismissed for insufficiency of evidence, and on the ground that the complaint did not state a cause of action. The motion was granted and a judgment of dismissal and for costs was entered. The plaintiff appealed.

The respondents have moved to dismiss this appeal, upon the ground that there has been a cessation of the controversy involved; that the right, if any existed, to injunctive relief has now ceased to exist; that the questions presented are moot questions; and on the further ground that the appellant acquiesced in the reletting of the building of the road on different plans and specifications, and that the new contract has been approximately performed.

The determination of this motion to dismiss involves two questions: (1) Has the right to injunctive relief ceased to exist? (2) Does the complaint, to which neither the state nor the county of King is a party, state a cause of action for damages?

I. The supplemental answer, orally pleaded at the hearing, alleged that, at that time, the contract had been re-let to Peterson for a brick pavement throughout; that he had given the necessary bonds and that he had approximately performed the work. The only reply to this was a denial of any knowledge or information sufficient to form a belief. There is grave doubt whether such a denial was sufficient to put the truth of these allegations in issue. The letting of the contract to Peterson as pleaded would be matter of public record to which the plaintiff has access. The means of information were presumably within its knowledge. As to the letting of the contract, the denial of knowledge or information might well be held insufficient. *Sumpter v. Burnham*, 51 Wash. 599, 99 Pac. 752; *Olympia v. Turpin*, 70 Wash. 581, 127 Pac. 210; *State ex rel. Kennedy v. McGarry*, 21 Wis. 502; *City of Milwaukee v. O'Sullivan*, 25 Wis. 666; *Goodell v. Blumer*, 41 Wis. 436; *Mulcahy v. Buckley*, 100 Cal. 484, 35 Pac. 144; Bliss, Code Pleadings, § 326; 1 Ency. Plead. & Prac., pp. 811, 812, 813.

In any event, affidavits filed in this court in support of the motion for dismissal show that the board reconsidered the acceptance of the plaintiff's bid and rescinded the order of acceptance; that it adopted a resolution to the effect that it

was for the best interests of the public that the highway in question be constructed with a brick surfacing and concrete foundation; that advertisement for the work be so limited; that the county engineer be instructed to prepare and file plans and specifications for the work as indicated and as theretofore approved by the board and the highway commissioner; that a re-advertisement for bids was had; that Peterson was the lowest bidder, and that, on motion, the contract was awarded to him for paving with No. 2 brick with a five-inch concrete base and five years' maintenance for the sum of $149,750. It also appears by affidavit that Peterson is proceeding with the work, that the larger part of it has been performed and that it will be completed by March 1, 1914. These things are not controverted. Since the relief asked for was an injunction restraining the defendants from re-letting the contract and from interfering with the plaintiff in the performance of its contract, and since, as shown by these uncontroverted affidavits, the contract has been re-let and the plaintiff has already been prevented from performing the work, which is now approximately completed, it is clear that the right to injunctive relief no longer exists. We have repeatedly held that where, pending an appeal, the controversy between the parties or the right involved in the action has ceased to exist, the appeal will be dismissed upon a showing thereof, either by the record or by evidence produced in this court, upon the ground that there is no subject-matter upon which the judgment could operate.

In *National Surety Co. v. Stephens*, 50 Wash. 397, 97 Pac. 449, it was held that an appeal from a judgment dismissing an action to enjoin the issuance and payment of county warrants will be dismissed where it is made to appear by affidavit before the hearing that the warrants had been issued and paid (there having been no temporary injunction), since the controversy had ceased. It is there said:

"The affidavit in support of the motion shows that the proper officers of Spokane county have caused warrants to

issue in conformity to the aforesaid contract in the aggregate sum of $5,000; that in due course of business, the warrants were called for payment by the county treasurer, and that the same have been paid and the amount thereof has been received in cash by Stephens. These facts are not controverted by the appellant, and it therefore appears that the respondents, not being under the prohibition of any injunction, proceeded to the issuance and payment of the warrants, notwithstanding the pendency of the appeal. We think it clear that there is now no controversy, since the very thing the action sought to prevent has been accomplished."

See, also, *Hice v. Orr*, 16 Wash. 163, 47 Pac. 424; *State ex rel. Coiner v. Wickersham*, 16 Wash. 161, 47 Pac. 421; *State ex rel. Scottish-American Mtg. Co. v. Meacham*, 17 Wash. 429, 50 Pac. 52; *State ex rel. Land v. Cristopher*, 32 Wash. 59, 72 Pac. 709; *Jones v. Miller*, 35 Wash. 499, 77 Pac. 811; *Stevens v. Jones*, 40 Wash. 484, 82 Pac. 754; *Wilson v. Fraser*, 67 Wash. 347, 121 Pac. 829; *Vollman v. Industrial Workers of the World*, 79 Wash. 192, 140 Pac. 337. In nearly all of the foregoing cases it was held that this court will not entertain jurisdiction of an appeal for the sole purpose of determining a question of costs. See, also, *Smith v. Palmer*, 38 Wash. 276, 80 Pac. 460; *Washington Market Co. v. District of Columbia*, 137 U. S. 62; *Little v. Bowers*, 134 U. S. 547.

From the facts established by the affidavits above referred to, it is clear that the injunctive relief asked for cannot be granted. It is also clear that no mandatory injunction placing the parties in *statu quo*, by compelling the commissioners to undo what they have done, can issue. No court would require the tearing up of the pavement, already practically completed at the time of hearing the appeal, in order that the plaintiff might be permitted to proceed with its alleged contract and replace the work along plans not now approved by the county commissioners. A sound public policy would forbid it.

II.  Whether the court, upon proper pleadings and a prayer to that effect, could remand the action in order that the county commissioners, the only defendants in this action, might be compelled to answer personally in damages for what cannot be undone, is not before us.  No such relief is asked on this appeal.  In fact, the appellant disclaims the right to any relief against the commissioners personally.  In its brief, the appellant states:

"The statute contemplates that the board of county commissioners and the contractor shall be the parties to the contract; and it may be argued that the board or its members would be liable for a breach of the contract.  But the board as such is not a legal entity that may be sued; and if it could be sued and a judgment obtained against it, there would be no property out of which the judgment might be satisfied.  The members of the board are not liable, because they are administrative officers charged with the exercise of judgment and discretion, and such officers are not liable to a private person for their mistaken or wrongful acts."

Be that as it may, it is certain that the complaint in this action states no cause of action for damages.  Whatever damages might be recovered in any such case must be only compensatory.  The measure of damages would, of course, be the expenses incurred by the appellant on the faith of the contract, if it has one, and looking to its performance, and possibly the net prospective profits which could reasonably be anticipated from the performance of the contract.  There is no allegation that the plaintiff has expended anything on the faith of its alleged contract or in anticipation of its performance, nor is there any allegation that the plaintiff would have realized any profits, nor any allegation as to what it would have cost the plaintiff to perform its contract.  There was nothing pleaded from which more than nominal damages could be implied.  The only allegation touching damages was as follows:

"That the damages plaintiff will suffer if defendants prevent the performance of this contract depend upon many

factors which are more or less indeterminate, and plaintiff's remedy in damages would be inadequate."

It may be remarked, in passing, that mere uncertainty in the measure of damages has been held insufficient ground to maintain an action to restrain a breach of contract. *Attorney General ex rel. Marr v. Board of Education of Detroit,* 133 Mich. 681, 95 N. W. 746. The complaint tendered no issue on the question of damages or the amount of damages occasioned by the failure of the respondents to enter into the contract, or by the refusal of the respondents to permit the appellant to perform the work. It is clear that the only cause of action stated or attempted to be stated in the complaint rested in facts going only to the right to injunctive relief. The appellant admits that any action for damages must be brought either against the state or against the county. Quoting again from its brief: "It is plaintiff's theory that the improvement of a permanent highway is state work, and that no liability arising out of a contract for such work can fall upon the county." It is then argued that, inasmuch as there is serious doubt as to whether the county or the state is the party in interest under the contract, and who would have to respond to any action for damages for breach of the plaintiff's alleged contract, therefore, the plaintiff's remedy was uncertain and inadequate by reason of the difficulty of determining whom to sue. Again it may be remarked that no such facts were pleaded, and the allegation that the appellant had no adequate remedy at law was a mere conclusion. *Colby v. Spokane,* 12 Wash. 690, 42 Pac. 112; *Woodcock v. Guy,* 33 Wash. 234, 74 Pac. 358; *Silver v. Washington Inv. Co.,* 65 Wash. 541, 118 Pac. 748. The trial court, in dismissing the action, expressed the opinion that under the permanent highway act, the power of the county commissioners is simply supplemental to their ordinary functions with respect to public highways, and that the county would be the real party in interest as the defendant in an action for the breach of such a contract as that here in question, adding:

"But if there is any uncertainty as to the proper party defendant in any suit that may be brought for damages, the plaintiff was always aware of it, and cannot now amplify his remedy on that account.

"It may furthermore be observed that there is nothing in the subject matter of the contract that would ordinarily support an action for specific performance, or an injunction restraining the breach of it. Private parties contracting with each other with respect to the improvement of private property are remitted to their legal remedies, in case of a breach of the contract. The case at bar does not fall within any exception to the general rule."

With this clear statement of the attitude of the lower court upon its pleading, the nature of its remedy, and the necessity of either the state or the county as a party defendant to an action for damages, the plaintiff did not then request an amendment or offer to amend its complaint so as to state any facts showing actual damage or so as to bring before the court either the state, which the plaintiff believed the proper party to respond in damages, or the county, which the court evidently believed the proper party to respond in damages if any can be recovered. These considerations clearly distinguish this case from the situations presented in *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, and *Graff v. Tacoma,* 61 Wash. 186, 112 Pac. 250. Nor does the plaintiff now, in this court, ask that the cause be remanded for an amendment of the complaint and a trial of the question of damages. We again quote from its brief: "In conclusion, we submit that plaintiff is entitled to some remedy, and, there being no certain, adequate remedy at law, the injunction sought should be granted."

It is thus obvious that the plaintiff is still insisting upon injunctive relief. From what we have said, it is clear that no such relief, either preventive or mandatory, can be granted. That is the only question before us. It is not necessary, nor would it be proper, for us to decide the moot question as to who, if any one, should respond in damages for the failure of

the commissioners to sign the contract and for their refusal to permit the appellant to do the work. That, so far as the case here presented is concerned, is a moot question wholly outside of the issues. Since the right to the injunctive relief —the only relief sought and the only relief which would ever have been possible under any view of the pleadings—has now ceased to exist, that question is also a moot question. The motion to dismiss the appeal must be granted.

It is so ordered.

CROW, C. J., MAIN, GOSE, and CHADWICK, JJ., concur.