[No. 12600.   Department Two.   August 4, 1915.]

GRANT HARPER, *Respondent*, v. PEARL GRASSER *et al.*, *Appellants.*[1]

APPEAL—DECISIONS REVIEWABLE—CESSATION OF CONTROVERSY. An appeal from a judgment enjoining interference with a fishing license that expired prior to the hearing on appeal will be dismissed; since there is no longer any subject-matter involved upon which a judgment can operate, and the supreme court will not retain jurisdiction to determine the sole question of costs.

FISH—FISHING LOCATION—DAMAGES. Damages for interference with rights under a drag seine fishing license cannot be recovered where drag seine fishing at the location in question was unlawful and would constitute a misdemeanor.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered October 23, 1914, upon findings in favor of the plaintiff, in an action to enjoin interference with a fishing location, tried to the court.   Appeal dismissed.

*Geo. W. Tannahill, Fred E. Butler,* and *M. P. Shaughnessy,* for appellants.

*Will H. Fouts* and *E. J. Doyle,* for respondent.

MAIN, J.—The plaintiff and the defendant Pearl Grasser were rival claimants to a fishing location on the south side of the Snake river, near the city of Clarkston, Washington. The defendants other than Pearl Grasser claim no rights superior to hers.   The defendant Pearl Grasser claims under a drag seine fishing license issued by the state fish commissioner on April 27, 1914.   The plaintiff claims under a drag seine fishing license issued by the state fish commissioner on June 1, 1914.   After the issuance of the licenses to the respective parties, both parties complied with the requirements of the statute relative to the location of the particular grounds which should be fished under authority of the licenses.   The defendants claim that their rights are superior because the

[1]Reported in 150 Pac. 1175.

license issued to Pearl Grasser is prior in point of time. The plaintiff claims that, while his license was issued subsequent to that of the defendant Pearl Grasser, yet his rights are superior, because he had occupied the grounds in controversy under a license issued for the previous year, and, at the time his license was issued, his right to a renewal, which would be superior to that of any other claimant, had not expired. The plaintiff sought an injunction restraining the defendants from interfering with his fishing grounds under his license. The defendants sought an injunction for a like purpose against the plaintiff; and also prayed for damages. The cause was tried to the court without a jury. The trial court was of the opinion that the right of the plaintiff to the fishing grounds, which both parties were claiming, was superior to that of the defendants. A judgment was entered restraining the defendants from interfering with the plaintiff's fishing grounds located and held under his license. The defendants appeal.

The respondent opens his brief with a motion to dismiss the appeal. This motion is based upon the claim that neither party had any right to fish the location in question with a drag seine, and that, therefore, there is nothing for the judgment of the court to operate upon. The rule is well settled that, where, pending an appeal, the right involved in the action has ceased to exist and there is no subject-matter upon which the judgment can operate, the appeal will be dismissed. In *Barber Asphalt Pav. Co. v. Hamilton*, 80 Wash. 51, 141 Pac. 199, it is said:

"We have repeatedly held that where, pending an appeal, the controversy between the parties or the right involved in the action has ceased to exist, the appeal will be dismissed upon a showing thereof, either by the record or by evidence produced in this court, upon the ground that there is no subject-matter upon which the judgment could operate."

In support of that rule, numerous decisions of this court are cited which need not here be repeated. Applying the

rule to the licenses in this case, and assuming for the present that the licenses are not void, it appears that both licenses, not only by their terms, but by statute (Rem. & Bal. Code, § 5211; P. C. 191 § 71), expired on March 31, 1915. The cause was heard in this court on June 28, 1915. It thus appears that any rights either party may have had under the license to fish the grounds in controversy had expired prior to the time the cause was heard here. It follows that there is no longer any subject-matter involved in the controversy upon which a judgment can operate.

But it may be argued that, since the defendants claim damages, the court should retain jurisdiction of the cause and determine whether the defendants' rights were superior and, if so, either award damages, or remand the case to have the damages determined by the trial court. An answer to this position would be that neither party in fact had any right to fish the grounds with a drag seine, the purpose for which the licenses were issued. Under the holding in *State v. Allen,* 80 Wash. 83, 141 Pac. 292, fishing with a drag seine in the Snake river at the point mentioned would be unlawful, and would constitute a misdemeanor. It follows, therefore, that the defendants would be entitled to no damages on account of being prevented from doing the thing which, if done, would be unlawful.

As we view the case, the only controversy remaining between the parties is one of costs. This court will not entertain jurisdiction of an appeal for the sole purpose of determining the question of costs. *Smith v. Palmer,* 38 Wash. 276, 80 Pac. 460; *Wilson v. Fraser,* 67 Wash. 347, 121 Pac. 829. It thus becomes apparent that the motion to dismiss the appeal must be granted, and it is so ordered.

Appeal dismissed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.