[No. 37548. Department One. May 27, 1965.]

SNOHOMISH COUNTY, *Respondent,* v. GUS HERMAN
BOETTCHER et al., *Appellants,* MAE L. MURPHY
*et al., Defendants.*\*

*Bell, Ingram, Smith & Minor* and *Griffin & Johnson,* for
appellants.

*E. Lloyd Meeds,* for respondent.

PER CURIAM.—This appeal, relating to attorney fees and
costs in eminent domain proceedings comes here on an
agreed statement of facts. Appellants owned real property
abutting the existing county gravel pit in Snohomish County
near Arlington. Snohomish County, hoping to enlarge the
county's gravel pit, negotiated with appellants to purchase
10 acres of this tract. In January, 1962, one of the county
commissioners, acting informally and prior to any official
action, offered appellants $20,000 for the property, which
offer the appellants accepted. The board of county commis-
sioners, considering the offer in formal meeting, declined
to renew the offer or confirm it; the board caused an ap-
praisal to be made and authorized the prosecuting attorney
to proceed to acquire the land by condemnation.

·· After filing of the petition in condemnation, the case came
on for trial by jury June 6, 1963. The county had completed
its case in chief and appellants were in process of proving
their case when, during the third day of trial, one of the
witnesses discussed the case with a juror in the hall during
a recess, causing a mistrial. The case was thereupon reset
for jury trial to begin September 24, 1963.

\*Reported in 402 P.2d 505.

About two weeks before trial, the county commissioners renewed their $20,000 offer to appellants and included an additional amount up to $1,000 on account of attorney's fees, witnesses' fees and other costs. Appellants rejected this offer, and thereafter the prosecuting attorney informed appellants' attorney that the Snohomish County Commissioners had instructed him to abandon the condemnation proceedings to avoid further expense to the county.

Intent to abandon the condemnation was communicated to appellants 4 days before the date of trial, and the case was stricken from the trial calendar. November 22, 1963, the prosecuting attorney presented and the court issued an order of dismissal with prejudice, allowing appellants their statutory taxable costs. On November 22, 1963, appellants filed a cost bill in the condemnation cause listing attorney's fees at $4,091.25, witnesses' fees of professional experts at more than $2,000, and aerial survey cost of $31.20, and an item for transcribing testimony at $139. Total amount of the costs claimed as taxable against the county was $6,523.45. From the refusal of the court to allow this sum as taxable costs and the order of dismissal allowing statutory costs only, defendants appeal.

Respondent county, under Rule on Appeal 53(b), RCW vol. 0, 4 Orland, Wash. Prac. 774, now moves to dismiss this appeal on the ground that an appeal does not lie exclusively to review costs.

We are of the opinion that respondent's motion to dismiss this appeal is well taken. Having before us for review neither a judgment, decree nor other writ granting or denying a substantial remedy, but simply an order of dismissal with prejudices entered at the instance and on behalf of the party maintaining the action, we have nothing to review except the question of costs.

■ The Supreme Court will not entertain an appeal the sole purpose of which is to resolve a question of costs. We said this explicitly in *Smith v. Palmer*, 38 Wash. 276, 80 Pac. 460 (1905):

The only question involved on the appeal is the question who shall pay or recover costs in the court below. This

court has uniformly held that it will not entertain jurisdiction of an appeal for the sole purpose of determining a question of costs, regardless of the nature of the action in which the question may arise.

Again, in *Crooks v. Georgetown Transfer Co.*, 133 Wash. 182, 233 Pac. 1118 (1925), we adhered to the rule, saying:

At the outset we are met by a motion of respondent to dismiss the appeal. The motion must be granted.

We have held in a long line of decisions that this court will not take jurisdiction of a cause simply to determine who shall pay costs in the controversy. *Smith v. Palmer*, 38 Wash. 276, 80 Pac. 460; *Wilson v. Fraser*, 67 Wash. 347, 121 Pac. 829; *White v. Stout*, 72 Wash. 62, 129 Pac. 917; *Vollman v. Industrial Workers of the World*, 79 Wash. 192, 140 Pac. 337; *Barber Asphalt Paving Co. v. Hamilton*, 80 Wash. 51, 141 Pac. 199; *State v. Furth*, 82 Wash. 665, 144 Pac. 907; *Carstens & Earles v. Seattle*, 84 Wash. 88, 146 Pac. 381, . . . *Standard Fire Ins. Co. v. Fishback*, 86 Wash. 225, 145 Pac. 945; *Holly-Mason Hardware Co. v. Schnatterly*, 111 Wash. 29, 189 Pac. 545.

The appeal is therefore dismissed.

Respondent's motion to dismiss the appeal herein is granted. Appeal dismissed.