[No. 11902. Department Two. June 18, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. HENRY R. ALLEN, *Respondent*.[1]

STATUTES—SUBJECTS AND TITLES. The determination of what acts shall be prohibited as detrimental to the protection of game fish, and making the use of nets in fresh waters a nuisance, is within the purview of the title of the game code of 1913, Laws 1913, p. 356, defined, in part, as an act for the protection of game fish.

FISH—PROTECTION AND REGULATION—USE OF NETS—STATUTES—IN PARI MATERIA—IMPLIED REPEAL—CONSTRUCTION. The legislature, in enacting the game code of 1913 (3 Rem. & Bal. Code, § 5395-1 *et seq.*), for the protection of game fish, had power to prohibit, by Id., § 5395-46, the use of nets in fresh water above tide water as a nuisance; and having done so in clear language, the act of 1909 (2 Rem. & Bal. Code, § 5183), relating to the protection of food fish, and permitting the use of nets for the taking of salmon for food in all waters, must give way in so far as it conflicts with the game code; the two statutes being *in pari materia*, and to be construed together.

Appeal from a judgment of the superior court for Mason county, Mitchell, J., entered March 3, 1914, upon sustaining a demurrer to the information, dismissing a prosecution for the illegal taking of fish. Reversed.

*R. A. Lathrop*, for appellant.

*T. P. Fisk*, for respondent.

[1]Reported in 141 Pac. 292.

MORRIS, J.—Appeal by the state from a judgment dismissing an information, upon the sustaining of a demurrer and the refusal to further plead. The information charged that the respondent did wilfully and unlawfully use a fish net for catching fish in the Skokomish river at a point two miles above tide water, the said Skokomish river being a body of fresh water. Thereafter a stipulation was filed, whereby it was agreed that, for the purpose of the demurrer, the court should accept as a fact that the respondent, at the time and place indicated in the information, was using a salmon net, fishing for salmon for his own use. The information was drawn under § 46, ch. 120, Laws 1913, p. 378 (3 Rem. & Bal. Code, § 5395-46), reading:

"Nets of any description being used in any of the fresh waters of this state above tide water are hereby declared and are a public nuisance, and it shall be the duty of all county game commissioners, game wardens and their deputies, police officers and constables without warrant or process, to take, seize, abet and destroy any and all of the same. And any person using same shall be guilty of a misdemeanor. The game wardens and their deputies, sheriffs, and their deputies, police officers, and constables shall seize any and all nets and seines when illegally used and all game fish taken therewith and at once report the seizure to the county game commission or game warden. Every person using, aiding or abetting the use of any such nets or other devices contrary to the provisions of this section shall be guilty of a misdemeanor."

This chapter is known as the game code, and, so far as it relates to fish is an act relating to the protection and propagation of game fish. Chapter 77, Laws of 1909, p. 143, is an act relating to the protection and propagation of food fish, and § 1 of this act, being Rem. & Bal. Code, § 5183 (P. C. 191 § 63), contains a proviso, "that nothing in this act or any other act shall prevent any person residing in this state from taking salmon or other fish by any means at any time for consumption by himself and family." Under this proviso, respondent contends that the right is given to take salmon or other food fish from any of the waters of this state

by any means and at any time; and that, as the information
accepts the fact that respondent was using a salmon net to
take salmon for his own use, his act could not be charged as a
nuisance under § 46 (Id., § 5395-46).

It must be accepted that the act of 1913 is purely a game
fish statute, and that each of its provisions, so far as it re-
lates to fish, must be read as applying to game fish. It must
also be conceded that the legislature not only has the power
to regulate and control fishing in the public waters of the
state, but that its power extends to the right of declaring
what is harmful and detrimental to the protection, preserva-
tion, and propagation of fish, and that within that power it
may declare the use of nets at specified times and places to
be a public nuisance. The act of 1913 (p. 356) defines itself
in part as an act for the protection of game fish. It is cer-
tainly within the purview of such an act for the legislature
to determine what acts should be prohibited as detrimental to
the protection of game fish, and to declare that the use of
nets of any description in any of the fresh waters of this state
above tide water should be regarded as a public nuisance. The
fresh waters of this state above tide water are where the
game fish abound, and in laws regulating fishing in such
waters one would naturally look for regulation as to the use
of nets or any other means that might be regarded by the
legislature as necessary or proper for the protection of game
fish. Hence, we find other sections of this same act relating
to the time, manner, size and limit of catch, and prohibiting
the employment or use of certain other means with intent
to take game fish.

There being then no question as to the right of the legisla-
ture to declare what shall be a nuisance in so far as it may
affect game fish, and § 46 (Id., § 5395-46) declaring the use
of nets in fresh water above tide water to be a nuisance, being
germane to and within the purview of the act and its title,
there remains to determine only what the legislature means
in the enactment of this section, and this is best answered by

a reading of the section. There is nothing ambiguous or obscure in the language chosen or the purpose indicated. The section is a plain, concise statement of an intent included within a power to declare the use of nets at the places named detrimental to game fish, and prohibit such use as a nuisance. Section 5183 (P. C. 191 § 63), in so far as it conflicts with § 46 (Id., § 5395-46), must give way, and must be held as permitting the use of nets for the taking of salmon for food except in fresh water streams above tide water. True, salmon is not a game fish, and a game fish statute would hardly be the place in which to look for a regulation regarding salmon fishing. But § 46 (Id., § 5395-46), is not intended as a regulation of salmon fishing. Its only intent is the enactment of a specific regulation deemed necessary for the protection of game fish, and if such named regulation prohibits any act which was theretofore permissible in the taking of salmon, no other construction can be given than that the permissive use of the former act is curtailed by the regulation in the latter act; not as an intended regulation of the taking of food fish in a statute dealing only with game fish, but as a regulation deemed necessary for the protection of game fish. These statutes, in so far as they refer to the use of nets and the taking of fish in the fresh waters of this state above tide water, the first as including nets within the phrase "by any means," and the second by specific reference, are *in pari materia*, and are to be construed together as parts of the law regulating the use of nets in the fresh waters of the state above tide water. And as so construed, it being within the power of the legislature to declare that to be a nuisance in the latter act which was permissible under the former act, the latter act must be regarded as a restriction upon the use of nets, or as a modification of the original permissive use as applied to new conditions and circumstances, and as such must be held controlling.

The judgment is therefore reversed.

FULLERTON, MOUNT, and PARKER, JJ., concur.